**FILED**

JUN 1 5 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Eleanor M. Glass
600 Golondrina
Roswell, NM 88201
505.622.5778

          Plaintiff(s),

v.

United States Government

          Defendant.

Case No.

Jury Trial Demanded

*JURY ACTION*

Case: 1:07-cv-01077
Assigned To : Huvelle, Ellen S.
Assign. Date : 6/15/2007
Description: Pro Se General Civil

## VERIFIED COMPLAINT, PETITION, AND CLAIM
## FOR DAMAGES PURSUANT TO 26 U.S.C. § 7433

### I
### INTRODUCTION

COME(S) NOW Eleanor M. Glass , and for cause(s) of action, aver(s):

I.    **PARTIES**

    A.    Plaintiff(s), is/are (a) Citizen(s) of New Mexico.

    B.    Defendant is the UNITED STATES OF AMERICA.

II.    **JURISDICTION**

    A.    This Court has jurisdiction pursuant to:

        1.    Section 7433 of the Internal Revenue Code of 1986, 102 Stat. 3747,

        as amended;

III.    **VENUE**

A.    Venue is proper in the District of Columbia, (26 USC §7433), as the permanent seat of government of the United States pursuant to Title 4, United States Code, § 71, 61 Stat. 643, wherein the offices of government are required to be exercised, pursuant to Title 4, United States Code, § 72, 61 Stat. 643.

B.    "The Office of the Secretary" is so exercised at 1500 Pennsylvania. Ave. N.W., Washington D.C.

## IV EXHAUSTION REQUIREMENT

Plaintiff has exhausted all available administrative remedies by sending a Verified Administrative Claim to the Internal Revenue Service, Area 11, Area Director Denver, 600 17th Street, Denver, CO 80202-2490, attention: Compliance Technical Support Manager, received by the IRS on September 21, 2006, Cert. Mail #70041350000453825353. More than 6 months have passed and plaintiff has not received a response. Therefore the aforementioned Verified Administrative Claim is deemed denied. The aforementioned claim meets all requirements of the regulation[1].

## V.   ALLEGATIONS[2]

On or about 1994 the IRS began tax collection action against plaintiff(s).  Such tax collection action has been continuous to the filing of this action.  Plaintiff(s) believe that

---

[1] 26USC7433(d)(b) requires that the court must determine that all administrative remedies available have been exhausted. There is no statutory requirement for the plaintiffs to exhaust all administrative remedies available before imitating this action. Pursuant to the aforementioned Verified Administrative Claim plaintiffs have exhausted all available administrative remedies and are officially barred from any further administrative appeal, review, relief and/or remedy.

[2] This listing is not inclusive.  There may be other provisions of Title 26 and its regulations that plaintiff(s) is/are not aware of which have been disregarded.

notwithstanding the filing of this suit the IRS will continue such collection action and may retaliate against plaintiff(s) for filing this suit by issuing levies, liens and other action.

Plaintiff has filed this action within two years of the discovery of sufficient facts to support a 7433 claim.

COUNT 1

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Levy (hereinafter attachment 1) In connection with the issuance of the aforementioned attached Notices of Levy the IRS disregarded Internal Revenue Code section 6001, 68A Stat. 731, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to notify Petitioner, by notice served or by regulation, of the imposition of a requirement to keep records, make statements, or file returns with respect to any tax imposed in the Internal Revenue Code for the years identified on the face of the  attached Notices of Levy ;

COUNT 2

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Levy. In connection with the issuance of the aforementioned Attached Notices of Levy the IRS  disregarded Federal Tax Regulation 26 CFR 1.6001-1,

subsection (d), promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue Code section 6001 with respect to income tax imposed in Subtitle A of the Internal Revenue Code; with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to notify Petitioner, by notice served, of the imposition of a requirement to keep specific records, make statements, or file returns with respect to tax imposed in Subtitle A of the Internal Revenue Code for the years identified on the face of the attached Notices of Levy;

COUNT 3

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Levy . In connection with the issuance of the aforementioned attached Notices of Levy the IRS disregarded Internal Revenue Code section 6020 , subsection (a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare and subscribe any Substitute(s) for Return(s) in the name of Eleanor M. Glass , as authorized *if* a "...person shall fail to make a return required..." for the years identified on the face of the attached Notices of Levy

COUNT 4

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Levy. In connection with the issuance of the aforementioned attached Notices of Levy the IRS disregarded Federal Tax Regulations in 27 CAR Part 53, promulgated pursuant to Internal Revenue Code section 7805, for which Internal Revenue Code section 6020 provides authority, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare and subscribe any Substitute(s) for Return(s) in the name of Eleanor M. Glass for the years identified on the face of the attached Notices of Levy;

COUNT 5

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Levy. In connection with the issuance of the aforementioned attached Notices of Levy the IRS disregarded Federal Tax Regulations in 27 CAR Part 70, promulgated pursuant to Internal Revenue Code section 7805, for which Internal Revenue Code section 6020 provides authority, with intent to defeat the application thereof:

defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare and subscribe any Substitute(s) for Return(s) in the name of Eleanor M. Glass for the years identified on the face of the attached Notices of Levy;

COUNT 6

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Levy. In connection with the issuance of the aforementioned attached Notices of Levy the IRS disregarded Federal Tax Regulations in Federal Tax Regulation 26 CAR 301.6020-1, promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue Code section 6020 with respect to income tax, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare and subscribe any Substitute(s) for Return(s) in the name of Eleanor M. Glass for the years identified on the face of the attached Notices of Levy;

COUNT 7

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Levy. In connection with the issuance of the aforementioned attached Notices of Levy the IRS disregarded Internal Revenue Code section 6020, subsection (b)(2), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to execute any Substitute(s) for Return(s) in the name of Eleanor M. Glass  for the years identified on the face of the attached Notices of Levy;

COUNT 8

All previous counts set forth above, are realleged and incorporated as if fully set forth herein;

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Levy. In connection with the issuance of the aforementioned attached Notices of Levy the IRS disregarded Internal Revenue Code section 6103, subsection ©, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to disclose returns, e.g., Substitute(s) for Return(s), and return information to Petitioner or Petitioner's representative upon request for the years identified on the face of the attached Notices of Levy;

COUNT 9

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Levy. In connection with the issuance of the aforementioned attached Notices of Levy the IRS disregarded Internal Revenue Code section 6109, subsection (d) with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, forced Petitioner(s) into the use of a "social security account number issued to an individual for purposes of section 205(c)(2)(A) of the Social Security Act" assignable by the Commissioner of Social Security only to:

1.    aliens, *see* 42 U.S.C. § 405(c)(2)(B)(I)(I); and,

2.    applicants for/recipients of federal benefits, *see* 42 U.S.C. § 405(c)(2)(B)(I)(II) effectively creating, in **Petitioner(s),** a false status of "alien" and/or "applicant/recipient".

COUNT 10

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Levy. In connection with the issuance of the aforementioned attached Notices of Levy the IRS disregarded Internal Revenue Code section

6201,subsection (a), paragraphs (1) and (2), with intent to defeat the application thereof:

defendant, through principals, officers, agents, and/or employees of Internal Revenue

Service, purported to be a component of the Department of Treasury, failed to assess

taxes alleged to be owed by Petitioner(s) for the years identified on the face of the attached

Notices of Levy;

COUNT 11

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

of the attached Notices of Levy. In connection with the issuance of the aforementioned

attached Notices of Levy the IRS disregarded 26 U.S.A. § 6202,with intent to defeat the

application thereof: defendant, through principals, officers, agents, and/or employees of

Internal Revenue Service, purported to be a component of the Department of Treasury, by

failing to make an assessment of the taxes and penalties for any of the aforementioned

years Petitioner(s) allegedly owe(s), within the time and mode set forth by the secretary for

the years identified on the face of the attached Notices of Levy;

COUNT 12

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

of the attached Notices of Levy. In connection with the issuance of the aforementioned attached Notices of Levy the IRS disregarded Internal Revenue Code section 6203,with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to record assessment(s) in the office of the Secretary in the name of Eleanor M. Glass  for the years identified on the face of the attached Notices of Levy;

COUNT 13

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Levy. In connection with the issuance of the aforementioned attached Notices of Levy letters the IRS disregarded Federal Tax Regulation 301.6203-1, promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue Code section 6203, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to execute, i.e., sign record(s) of assessment, which include(s),

(1)     identification of the taxpayer;

(2)     character of liability assessed;

(3)     taxable period, if applicable; and,

(4)     amount of assessment,

for the years identified on the face of the attached Notices of Levy;

COUNT 14

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Levy. In connection with the issuance of the aforementioned attached Notices of Levy the IRS disregarded Internal Revenue Code section 6203,with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to furnish Petitioner copies of assessments with supporting lists "filed in the Office of the Secretary" upon request for the years identified on the face of the attached Notices of Levy;

COUNT 15

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Levy. In connection with the issuance of the aforementioned attached Notices of Levy the IRS disregarded Federal Tax Regulation 301.6203-1,

promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue Code section 6203, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to furnish Petitioner copies of signed records of assessment with supporting lists upon request for the years identified on the face of the attached Notices of Levy;

COUNT 16

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Levy. In connection with the issuance of the aforementioned attached Notices of Levy the IRS disregarded 26 U.S.C. §6501(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by neglecting to assess taxes owed within three years for the years identified on the face of the attached Notices of Levy;

COUNT 17

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

of the attached Notices of Levy. In connection with the issuance of the aforementioned

attached Notices of Levy the IRS disregarded Internal Revenue Code section §6212 with

intent to defeat the application thereof: defendant, through principals, officers, agents,

and/or employees of Internal Revenue Service, purported to be a component of the

Department of Treasury by failing to send Petitioner(s) a notice of deficiency (90 day letter)

for each of the aforementioned years for the years identified on the face of the attached

Notices of Levy;

COUNT 18

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

of the attached Notices of Levy. In connection with the issuance of the aforementioned

attached Notices of Levy the IRS disregarded 26 U.S.C. §6404(g), with intent to defeat the

application thereof: defendant, through principals, officers, agents, and/or employees of

Internal Revenue Service, purported to be a component of the Department of Treasury, by

failing to suspend interest and penalties for reason that respondent has not specifically

stated the amount of, and the basis for the liability respondent says Petitioner(s) owe(s)

for the years identified on the face of the attached Notices of Levy;

COUNT 19

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

of the attached Notices of Levy. In connection with the issuance of the aforementioned

attached Notices of Levy the IRS disregarded 26 U.S.C. §6751(a), with intent to defeat the

application thereof: defendant, through principals, officers, agents, and/or employees of

Internal Revenue Service, purported to be a component of the Department of Treasury, by

failing to include in each notice imposing a penalty (1) the name of the penalty, (2) the

Code section authorizing the penalty, and (3) an actual computation of the penalty for the

years identified on the face of the attached Notices of Levy;

COUNT 20

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

of the attached Notices of Levy. In connection with the issuance of the aforementioned

attached Notices of Levy the IRS disregarded 26 U.S.C. §6751(b)(1), with intent to defeat

the application thereof: defendant, through principals, officers, agents, and/or employees

of Internal Revenue Service, purported to be a component of the Department of Treasury,

by failing to verify that a supervisor had personally approved, in writing, each initial penalty

determination for the years identified on the face of the attached Notices of Levy;

COUNT 21

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Levy. In connection with the issuance of the aforementioned attached Notices of Levy the IRS disregarded 26 U.S.C. §7491©, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by refusing to produce any evidence with respect to the imposition of each penalty and additions for the years identified on the face of the attached Notices of Levy;

COUNT 22

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Levy. In connection with the issuance of the aforementioned attached Notices of Levy the IRS disregarded 26 U.S.C. §7602(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by conducting a presumed financial status audit for each of the aforementioned years for the years identified on the face of the attached Notices of Levy;

COUNT 23

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Levy. In connection with the issuance of the aforementioned attached Notices of Levy the IRS disregarded 26 U.S.C. §7491(b), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by refusing to prove items of income which were reconstructed solely through the use of statistical information on unrelated taxpayers for each of the aforementioned years for the years identified on the face of the attached Notices of Levy;

COUNT 24

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attacked Notices of Levy. In connection with the issuance of the aforementioned attached Notices of Levy the IRS disregarded 26 U.S.C. §6331(d)(1)(2) with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to send the Petitioner(s) a thirty (30) day notice for each of the aforementioned years for the years identified on the face of the attached Notices of Levy;

COUNT 25

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Levy. In connection with the issuance of the aforementioned attached Notices of Levy the IRS disregarded 26 U.S.C. §6330(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to provide Petitioner(s) with notice of a right to an impartial hearing before issuing a notice of lien and/or levy and/or other agency action for the years identified on the face of the attached Notices of Levy;

COUNT 26

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Levy. In connection with the issuance of the aforementioned attached Notices of Levy the IRS disregarded Internal Revenue Code section 6304, subsection (b), paragraph (1), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, engaged in "conduct the

natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any unpaid tax," for the years identified on the face of the attached Notices of Levy;

COUNT 26

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Levy. In connection with the issuance of the aforementioned attached Notices of Levy the IRS disregarded Internal Revenue Code section 6320, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to hold a meaningful hearing in conjunction with subsections ©, (d) (other than paragraph (2)(B) thereof), and (e) of section 6330 for the years identified on the face of the attached Notices of Levy; COUNT 27

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Levy. In connection with the issuance of the aforementioned attached Notices of Levy the IRS disregarded  Internal Revenue Code section 6321, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, asserted a lien for failure or neglect to pay without giving proper

notice and without making demand for the years identified on the face of the attached
Notices of Levy;

COUNT 27

All previous counts set forth above, are realleged and incorporated as if fully set
forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face
of the attached Notices of Levy. In connection with the issuance of the aforementioned
attached Notices of Levy the IRS disregarded section 6751(b)(1) of the Internal Revenue
Code of 1986, with intent to defeat the application thereof: defendant, through principals,
officers, agents, and/or employees violated IRC section 6751(b) by failing to verify that a
supervisor had personally approved, in writing, the initial penalty determination for the
years identified on the face of the attached Notices of Levy;

COUNT 28

All previous counts set forth above, are realleged and incorporated as if fully set
forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face
of the attached Notices of Levy. In connection with the issuance of the aforementioned
attached Notices of Levy the IRS disregarded 26 U.S.C. §7123(b)(1), with intent to defeat
the application thereof: defendant, through principals, officers, agents, and/or employees
of Internal Revenue Service, purported to be a component of the Department of Treasury,

by failing to provide Petitioner(s) with non-binding mediation before issuing a notice of lien and/or levy and/or other agency action for the years identified on the face of the attached Notices of Levy;

COUNT 29

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Levy. In connection with the issuance of the aforementioned attached Notices of Levy the IRS disregarded 26 U.S.C. §6501(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to provide Petitioner(s) with non-binding mediation before issuing a notice of lien and/or levy and/or other agency action for the years identified on the face of the attached Notices of Levy;

COUNT 30

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Levy. In connection with the issuance of the aforementioned attached Notices of Levy the IRS disregarded Internal Revenue Code section 6322, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the

Department of Treasury, asserted liens for which no assessment was made in accordance with Internal Revenue Code section 6203 and Federal Tax Regulation 301.6203-1 for the years identified on the face of the attached Notices of Levy;

COUNT 31

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Levy. In connection with the issuance of the aforementioned attached Notices of Levy the IRS disregarded Internal Revenue Code section 6323, subsection (f), paragraph (1), subparagraph (A), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to certify notice(s) of lien(s) entitling same to be recorded pursuant to the Uniform Federal Tax Lien Registration Act, as enacted in New Mexico for the years identified on the face of the attached Notices of Levy;

COUNT 32

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Lien (hereinafter attachment 2) In connection with the issuance of the aforementioned attached Notices of Lien the IRS disregarded Internal Revenue Code section 6001, 68A Stat. 731, with intent to defeat the application thereof: defendant,

through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to notify Petitioner, by notice served or by regulation, of the imposition of a requirement to keep records, make statements, or file returns with respect to any tax imposed in the Internal Revenue Code for the years identified on the face of the attached Notices of Lien ;

COUNT 33

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Lien. In connection with the issuance of the aforementioned attached Notices of Lien the IRS disregarded Federal Tax Regulation 26 CAR 1.6001-1, subsection (d), promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue Code section 6001 with respect to income tax imposed in Subtitle A of the Internal Revenue Code; with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to notify Petitioner, by notice served, of the imposition of a requirement to keep specific records, make statements, or file returns with respect to tax imposed in Subtitle A of the Internal Revenue Code for the years identified on the face of the attached Notices of Lien;

COUNT 34

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Lien. In connection with the issuance of the aforementioned attached Notices of Lien the IRS disregarded Internal Revenue Code section 6020 , subsection (a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare and subscribe any Substitute(s) for Return(s) in the name of Eleanor M. Glass , as authorized if a "…person shall fail to make a return required…" for the years identified on the face of the attached Notices of Lien;

COUNT 35

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Lien. In connection with the issuance of the aforementioned attached Notices of Lien the IRS disregarded Federal Tax Regulations in 27 CAR Part 53, promulgated pursuant to Internal Revenue Code section 7805, for which Internal Revenue Code section 6020 provides authority, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue

Service, purported to be a component of the Department of Treasury, failed to prepare and subscribe any Substitute(s) for Return(s) in the name of Eleanor M. Glass for the years identified on the face of the attached Notices of Lien;

COUNT 36

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Lien. In connection with the issuance of the aforementioned attached Notices of Lien the IRS disregarded Federal Tax Regulations in 27 CAR Part 70, promulgated pursuant to Internal Revenue Code section 7805, for which Internal Revenue Code section 6020 provides authority, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare and subscribe any Substitute(s) for Return(s) in the name of Eleanor M. Glass for the years identified on the face of the attached Notices of Lien;

COUNT 37

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Lien. In connection with the issuance of the aforementioned

attached Notices of Lien the IRS disregarded Federal Tax Regulations in Federal Tax Regulation 26 CAR 301.6020-1, promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue Code section 6020 with respect to income tax, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare and subscribe any Substitute(s) for Return(s) in the name of Eleanor M. Glass  for the years identified on the face of the attached Notices of Lien;

COUNT 38

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Lien. In connection with the issuance of the aforementioned attached Notices of Lien the IRS disregarded Internal Revenue Code section 6020, subsection (b)(2), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to execute any Substitute(s) for Return(s) in the name of Eleanor M. Glass  for the years identified on the face of the attached Notices of Lien;

COUNT 39

All previous counts set forth above, are realleged and incorporated as if fully set forth herein;

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Lien. In connection with the issuance of the aforementioned Attached Notices of Lien the IRS disregarded Internal Revenue Code section 6103, subsection c, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to disclose returns, e.g., Substitute(s) for Return(s), and return information to Petitioner or Petitioner's representative upon request for the years identified on the face of the attached Notices of Lien;

COUNT 40

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Lim. In connection with the issuance of the aforementioned attached Notices of Lien the IRS disregarded Internal Revenue Code section 6109, subsection (d) with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, forced Petitioner(s) into the use of a "social security account number issued to an individual for purposes of section 205(c)(2)(A) of the

Social Security Act" assignable by the Commissioner of Social Security only to:

1.    aliens, *see* 42 U.S.C. § 405(c)(2)(B)(i)(I); and,

2.    applicants for/recipients of federal benefits, *see* 42 U.S.C. § 405(c)(2)(B)(i)(II)

effectively    creating,    in    Petitioner(s),    a    false    status    of    "alien"    and/or

"applicant/recipient".

COUNT 41

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

of the attached Notices of Lien. In connection with the issuance of the aforementioned

attached Notices of Lien the IRS disregarded Internal Revenue Code section

6201,subsection (a), paragraphs (1) and (2), with intent to defeat the application thereof:

defendant, through principals, officers, agents, and/or employees of Internal Revenue

Service, purported to be a component of the Department of Treasury, failed to assess

taxes alleged to be owed by Petitioner(s) for the years identified on the face of the attached

Notices of Lien;

COUNT 42

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

of the attached Notices of Lien. In connection with the issuance of the aforementioned attached Notices of Lien the IRS disregarded 26 U.S.A. § 6202,with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to make an assessment of the taxes and penalties for any of the aforementioned years Petitioner(s) allegedly owe(s), within the time and mode set forth by the secretary for the years identified on the face of the attached Notices of Lien;

COUNT 43

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Lien. In connection with the issuance of the aforementioned attached Notices of Lien the IRS disregarded Internal Revenue Code section 6203,with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to record assessment(s) in the office of the Secretary in the name of Eleanor M. Glass  for the years identified on the face of the attached Notices of Lien;

COUNT 44

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Lien. In connection with the issuance of the aforementioned attached Notices of Lien the IRS disregarded Federal Tax Regulation 301.6203-1, promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue Code section 6203, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to execute, i.e., sign record(s) of assessment, which include(s),

(1)    identification of the taxpayer;

(2)    character of liability assessed;

(3)    taxable period, if applicable; and,

(4)    amount of assessment,

for the years identified on the face of the attached Notices of Lien;

COUNT 45

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Lien. In connection with the issuance of the aforementioned attached Notices of Lien the IRS disregarded Internal Revenue Code section 6203, with

intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to furnish Petitioner copies of assessments with supporting lists "filed in the Office of the Secretary" upon request for the years identified on the face of the attached Notices of Lien;

COUNT 46

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Lien. In connection with the issuance of the aforementioned attached Notices of Lien the IRS disregarded Federal Tax Regulation 301.6203-1, promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue Code section 6203, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to furnish Petitioner copies of signed records of assessment with supporting lists upon request for the years identified on the face of the attached Notices of Lien;

COUNT 47

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Lien. In connection with the issuance of the aforementioned attached Notices of Lien the IRS disregarded 26 U.S.C. §6501(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by neglecting to assess taxes owed within three years for the years identified on the face of the attached Notices of Lien;

COUNT 48

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Levy. In connection with the issuance of the aforementioned attached Notices of Lien the IRS disregarded Internal Revenue Code section §6212 with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury by failing to send Petitioner(s) a notice of deficiency (90 day letter) for each of the aforementioned years for the years identified on the face of the attached Notices of Lien;

COUNT 49

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Lien. In connection with the issuance of the aforementioned attached Notices of Lien the IRS disregarded 26 U.S.C. §6404(g), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to suspend interest and penalties for reason that respondent has not specifically stated the amount of, and the basis for the liability respondent says Petitioner(s) owe(s) for the years identified on the face of the attached Notices of Lien;

COUNT 50

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Lien. In connection with the issuance of the aforementioned attached Notices of Lien the IRS disregarded 26 U.S.C. §6751(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to include in each notice imposing a penalty (1) the name of the penalty, (2) the Code section authorizing the penalty, and (3) an actual computation of the penalty for the years identified on the face of the attached Notices of Lien;

COUNT 51

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Lien. In connection with the issuance of the aforementioned attached Notices of Lien the IRS disregarded 26 U.S.C. §6751(b)(1), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to verify that a supervisor had personally approved, in writing, each initial penalty determination for the years identified on the face of the attached Notices of Lien;

COUNT 52

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Lien. In connection with the issuance of the aforementioned attached Notices of Lien the IRS disregarded 26 U.S.C. §7491©, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by refusing to produce any evidence with respect to the imposition of each penalty and additions for the years identified on the face of the attached Notices of Lien;

COUNT 53

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Lien. In connection with the issuance of the aforementioned attached Notices of Lien the IRS disregarded 26 U.S.C. §7602(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by conducting a presumed financial status audit for each of the aforementioned years for the years identified on the face of the attached Notices of Lien;

COUNT 54

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Lien. In connection with the issuance of the aforementioned attached Notices of Lien the IRS disregarded 26 U.S.C. §7491(b), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by refusing to prove items of income which were reconstructed solely through the use of statistical information on unrelated taxpayers for each of the aforementioned years for the

years identified on the face of the attached Notices of Levy;

COUNT 55

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Lien. In connection with the issuance of the aforementioned attached Notices of Lien the IRS disregarded 26 U.S.C. §6331(d)(1)(2) with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to send the Petitioner(s) a thirty (30) day notice for each of the aforementioned years for the years identified on the face of the attached Notices of Lien;

COUNT 56

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Lien. In connection with the issuance of the aforementioned attached Notices of Lien the IRS disregarded 26 U.S.C. §6330(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to provide Petitioner(s) with notice of a right to an impartial hearing before issuing

a notice of lien and/or Lien and/or other agency action for the years identified on the face of the attached Notices of Lien; COUNT 26

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Lien. In connection with the issuance of the aforementioned attached Notices of Lien the IRS disregarded Internal Revenue Code section 6304, subsection (b), paragraph (1), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, engaged in "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any unpaid tax," for the years identified on the face of the attached Notices of Lien;

COUNT 57

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Lien. In connection with the issuance of the aforementioned attached Notices of Lien the IRS disregarded Internal Revenue Code section 6320, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to hold a meaningful hearing in conjunction with

subsections c (d) (other than paragraph (2)(B) thereof), and (e) of section 6330 for the
years identified on the face of the attached Notices of Lien;

COUNT 59

All previous counts set forth above, are realleged and incorporated as if fully set
forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face
of the attached Notices of Lien. In connection with the issuance of the aforementioned
attached Notices of Lien the IRS disregarded  Internal Revenue Code section 6321, with
intent to defeat the application thereof: defendant, through principals, officers, agents,
and/or employees of Internal Revenue Service, purported to be a component of the
Department of Treasury, asserted a lien for failure or neglect to pay without giving proper
notice and without making demand for the years identified on the face of the attached
Notices of Lien;

COUNT 58

All previous counts set forth above, are realleged and incorporated as if fully set
forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face
of the attached Notices of Lien. In connection with the issuance of the aforementioned
attached Notices of Lien the IRS disregarded section 6751(b)(1) of the Internal Revenue
Code of 1986, with intent to defeat the application thereof: defendant, through principals,

officers, agents, and/or employees violated IRC section 6751(b) by failing to verify that a supervisor had personally approved, in writing, the initial penalty determination for the years identified on the face of the attached Notices of Lien;

COUNT 59

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Lien. In connection with the issuance of the aforementioned attached Notices of Lien the IRS disregarded 26 U.S.C. §7123(b)(1), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to provide Petitioner(s) with non-binding mediation before issuing a notice of lien and/or Lien and/or other agency action for the years identified on the face of the attached Notices of Lien;

COUNT 60

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Lien. In connection with the issuance of the aforementioned attached Notices of Lien the IRS disregarded 26 U.S.C. §6501(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by

failing to provide Petitioner(s) with non-binding mediation before issuing a notice of lien and/or Lien and/or other agency action for the years identified on the face of the attached Notices of Lien;

COUNT 61

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Lien. In connection with the issuance of the aforementioned attached Notices of Lien the IRS disregarded Internal Revenue Code section 6322, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, asserted liens for which no assessment was made in accordance with Internal Revenue Code section 6203 and Federal Tax Regulation 301.6203-1 for the years identified on the face of the attached Notices of Lien;

COUNT 62

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Lien. In connection with the issuance of the aforementioned attached Notices of Lien the IRS disregarded Internal Revenue Code section 6323,

subsection (f), paragraph (1), subparagraph (A), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to certify notice(s) of lien(s) entitling same to be recorded pursuant to the Uniform Federal Tax Lien Registration Act, as enacted in New Mexico for the years identified on the face of the attached Notices of Lien;

COUNT 63

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent (hereinafter attached 3) In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded Internal Revenue Code section 6001, 68A Stat. 731, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to notify Petitioner, by notice served or by regulation, of the imposition of a requirement to keep records, make statements, or file returns with respect to any tax imposed in the Internal Revenue Code for the years identified on the face of the attached letters titled Urgent ;

COUNT 64

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

of the attached letters titled Urgent. In connection with the issuance of the aforementioned

attached letters titled Urgent the IRS  disregarded Federal Tax Regulation 26 CAR

1.6001-1, subsection (d), promulgated pursuant to Internal Revenue Code section 7805,

to implement the provisions of Internal Revenue Code section 6001 with respect to income

tax imposed in Subtitle A of the Internal Revenue Code; with intent to defeat the application

thereof: defendant, through principals, officers, agents, and/or employees of Internal

Revenue Service, purported to be a component of the Department of Treasury, failed to

notify Petitioner, by notice served, of the imposition of a requirement to keep specific

records, make statements, or file returns with respect to tax imposed in Subtitle A of the

Internal Revenue Code for the years identified on the face of the attached letters titled

Urgent ;

COUNT 65

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

of the attached letters titled Urgent . In connection with the issuance of the aforementioned

attached Letters titled Urgent the IRS disregarded Internal Revenue Code section 6020 ,

subsection (a), with intent to defeat the application thereof: defendant, through principals,

officers, agents, and/or employees of Internal Revenue Service, purported to be a

component of the Department of Treasury, failed to prepare and subscribe any

Substitute(s) for Return(s) in the name of Eleanor M. Glass , as authorized *if* a "…person shall fail to make a return required…" for the years identified on the face of the attached letters titled Urgent;

COUNT 66

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded Federal Tax Regulations in 27 CAR Part 53, promulgated pursuant to Internal Revenue Code section 7805, for which Internal Revenue Code section 6020 provides authority, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare and subscribe any Substitute(s) for Return(s) in the name of Eleanor M. Glass for the years identified on the face of the attached letters titled Urgent;

COUNT 67

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned

attached letters titled Urgent the IRS disregarded Federal Tax Regulations in 27 CAR Part 70, promulgated pursuant to Internal Revenue Code section 7805, for which Internal Revenue Code section 6020 provides authority, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare and subscribe **any Substitute(s) for Return(s) in the name of Eleanor M. Glass** for the years identified on the face of the attached letters titled Urgent;

COUNT 68

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded Federal Tax Regulations in Federal Tax Regulation 26 CAR 301.6020-1, promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue Code section 6020 with respect to income tax, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare and subscribe any Substitute(s) for Return(s) in the name of Eleanor M. Glass for the years identified on the face of the attached letters titled Urgent;

1    COUNT 69    All previous counts set forth above, are realleged and incorporated as if fully
2    set forth herein.

3          The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face
4    of the attached letters titled Urgent. In connection with the issuance of the aforementioned
5    attached letters titled Urgent the IRS disregarded Internal Revenue Code section 6020,
6    subsection (b)(2), with intent to defeat the application thereof: defendant, through
7    principals, officers, agents, and/or employees of Internal Revenue Service, purported to
8    be a component of the Department of Treasury, failed to execute any Substitute(s) for
9    Return(s) in the name of Eleanor M. Glass  for the years identified on the face of the
10   atached letters titled Urgent;

11   COUNT 70

12         All previous counts set forth above, are realleged and incorporated as if fully set
13   forth herein;

          The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

of the attached letters titled Urgent. In connection with the issuance of the aforementioned

attached letters titled Urgent the IRS disregarded Internal Revenue Code section 6103,

subsection ©, with intent to defeat the application thereof: defendant, through principals,

officers, agents, and/or employees of Internal Revenue Service, purported to be a

component of the Department of Treasury, failed to disclose returns, e.g., Substitute(s) for

Return(s), and return information to Petitioner or Petitioner's representative upon request

for the years identified on the face of the attached letters titled Urgent;

COUNT 71

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded Internal Revenue Code section 6109, subsection (d) with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, forced Petitioner(s) into the use of a "social security account number issued to an individual for purposes of section 205(c)(2)(A) of the Social Security Act" assignable by the Commissioner of Social Security only to:

1.    aliens, see 42 U.S.C. § 405(c)(2)(B)(i)(I); and,

2.    applicants for/recipients of federal benefits, see 42 U.S.C. § 405(c)(2)(B)(i)(II) effectively creating, in Petitioner(s), a false status of "alien" and/or "applicant/recipient".

COUNT 72

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded Internal Revenue Code section 6201,subsection (a), paragraphs (1) and (2), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to assess taxes alleged to be owed by Petitioner(s) for the years identified on the face of the attached letters titled Urgent;

COUNT 73

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Levy. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded 26 U.S.A. § 6202,with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to make an assessment of the taxes and penalties for any of the aforementioned years Petitioner(s) allegedly owe(s), within the time and mode set forth by the secretary for the years identified on the face of the attached letters titled Urgent;

COUNT 74

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Levy. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded Internal Revenue Code section 6203,with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to record assessment(s) in the office of the Secretary in the name of Eleanor M. Glass for the years identified on the face of the attached letters titled Urgent;

COUNT 75

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent letters the IRS disregarded Federal Tax Regulation 301.6203-1, promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue Code section 6203, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to execute, i.e., sign record(s) of assessment, which include(s),

    (1)    identification of the taxpayer;

    (2)    character of liability assessed;

    (3)    taxable period, if applicable; and,

    (4)    amount of assessment,

for the years identified on the face of the attached letters titled Urgent;

COUNT 76

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded Internal Revenue Code section 6203,with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to furnish Petitioner copies of assessments with supporting lists "filed in the Office of the Secretary" upon request for the years identified on the face of the attached letters titled Urgent;

COUNT 77

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded Federal Tax Regulation 301.6203-1, promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue Code section 6203, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to furnish Petitioner copies of signed records of assessment with supporting lists upon request for the years identified on the face of the attached letters titled Urgent;

COUNT 78

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded 26 U.S.C. §6501(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by neglecting to assess taxes owed within three years for the years identified on the face of the attached letters titled Urgent;

COUNT 79

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded Internal Revenue Code section §6212 with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury by failing to send Petitioner(s) a notice of deficiency (90 day letter) for each of the aforementioned years for the years identified on the face of the attached letters titled Urgent;

COUNT 80

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded 26 U.S.C. §6404(g), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to suspend interest and penalties for reason that respondent has not specifically stated the amount of, and the basis for the liability respondent says Petitioner(s) owe(s) for the years identified on the face of the attached letters titled Urgent;

COUNT 81

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded 26 U.S.C. §6751(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to include in each notice imposing a penalty (1) the name of the penalty, (2) the Code section authorizing the penalty, and (3) an actual computation of the penalty for the years identified on the face of the attached letters titled Urgent;

COUNT 82

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded 26 U.S.C. §6751(b)(1), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to verify that a supervisor had personally approved, in writing, each

initial penalty determination for the years identified on the face of the attached letters titled

Urgent;

COUNT 83

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

of the attached letters titled Urgent. In connection with the issuance of the aforementioned

attached letters titled Urgent the IRS disregarded 26 U.S.C. §7491©, with intent to defeat

the application thereof: defendant, through principals, officers, agents, and/or employees

of Internal Revenue Service, purported to be a component of the Department of Treasury,

by refusing to produce any evidence with respect to the imposition of each penalty and

additions for the years identified on the face of the attached letters titled Urgent;

COUNT 84

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

of the attached letters titled Urgent. In connection with the issuance of the aforementioned

attached letters titled Urgent the IRS disregarded 26 U.S.C. §7602(a), with intent to defeat

the application thereof: defendant, through principals, officers, agents, and/or employees

of Internal Revenue Service, purported to be a component of the Department of Treasury,

by conducting a presumed financial status audit for each of the aforementioned years for the years identified on the face of the attached letters titled Urgent;

COUNT 85

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded 26 U.S.C. §7491(b), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by refusing to prove items of income which were reconstructed solely through the use of statistical information on unrelated taxpayers for each of the aforementioned years for the years identified on the face of the attached letters titled Urgent;

COUNT 86

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded 26 U.S.C. §6331(d)(1)(2) with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or

employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to send the Petitioner(s) a thirty (30) day notice for each of the aforementioned years for the years identified on the face of the attached letters titled Urgent;

COUNT 87

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded 26 U.S.C. §6330(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to provide Petitioner(s) with notice of a right to an impartial hearing before issuing a notice of lien and/or Lenient/or other agency action for the years identified on the face of the attached letters titled Urgent; COUNT 26

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded Internal Revenue Code section 6304,

subsection (b), paragraph (1), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, engaged in "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any unpaid tax," for the years identified on the face of the attached letters titled Urgent;

COUNT 88

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded Internal Revenue Code section 6320, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to hold a meaningful hearing in conjunction with subsections ©, (d) (other than paragraph (2)(B) thereof), and (e) of section 6330 for the years identified on the face of the attached letters titled Urgent; COUNT 90

Count 89.

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned

attached letters titled Urgent the IRS disregarded Internal Revenue Code section 6321, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, asserted a lien for failure or neglect to pay without giving proper notice and without making demand for the years identified on the face of the attached letters titled Urgent;

COUNT 90

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded section 6751(b)(1) of the Internal Revenue Code of 1986, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees violated IRC section 6751(b) by failing to verify that a supervisor had personally approved, in writing, the initial penalty determination for the years identified on the face of the attached letters titled Urgent;

COUNT 91

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded 26 U.S.C. §7123(b)(1), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to provide Petitioner(s) with non-binding mediation before issuing a notice of lien and/or Lenient/or other agency action for the years identified on the face of the attached letters titled Urgent;

COUNT 92

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded 26 U.S.C. §6501(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to provide Petitioner(s) with non-binding mediation before issuing a notice of lien and/or Lenient/or other agency action for the years identified on the face of the attached letters titled Urgent;

COUNT 93

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded Internal Revenue Code section 6322, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, asserted liens for which no assessment was made in accordance with Internal Revenue Code section 6203 and Federal Tax Regulation 301.6203-1 for the years identified on the face of the attached letters titled Urgent;

COUNT 94

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded Internal Revenue Code section 6323, subsection (f), paragraph (1), subparagraph (A), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to certify notice(s) of lien(s) entitling same to be recorded pursuant to the Uniform Federal Tax Lien Registration Act, as enacted in New Mexico for the years identified on the face of the attached letters titled Urgent;

COUNT 95

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

of the attached letters titled Final Notice (hereinafter 4)In connection with the issuance of

the aforementioned attached letters titled Final Notice the IRS disregarded Internal

Revenue Code section 6001, 68A Stat. 731, with intent to defeat the application thereof:

defendant, through principals, officers, agents, and/or employees of Internal Revenue

Service, purported to be a component of the Department of Treasury, failed to notify

Petitioner, by notice served or by regulation, of the imposition of a requirement to keep

records, make statements, or file returns with respect to any tax imposed in the Internal

Revenue Code for the years identified on the face of the attached letters titled Final Notice

COUNT 96

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

of the attached letters titled Final Notice. In connection with the issuance of the

aforementioned attached letters titled Final Notice the IRS  disregarded Federal Tax

Regulation 26 CAR 1.6001-1, subsection (d), promulgated pursuant to Internal Revenue

Code section 7805, to implement the provisions of Internal Revenue Code section 6001

with respect to income tax imposed in Subtitle A of the Internal Revenue Code; with intent

to defeat the application thereof: defendant, through principals, officers, agents, and/or

employees of Internal Revenue Service, purported to be a component of the Department

of Treasury, failed to notify Petitioner, by notice served, of the imposition of a requirement

to keep specific records, make statements, or file returns with respect to tax imposed in

Subtitle A of the Internal Revenue Code for the years identified on the face of the attached

letters titled Final Notice;

COUNT 97

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

of the attached letters titled Final Notice. In connection with the issuance of the

aforementioned attached letters titled Final Notice the IRS disregarded Internal Revenue

Code section 6020 , subsection (a), with intent to defeat the application thereof: defendant,

through principals, officers, agents, and/or employees of Internal Revenue Service,

purported to be a component of the Department of Treasury, failed to prepare and

subscribe any Substitute(s) for Return(s) in the name of Eleanor M. Glass , as authorized

if a "...person shall fail to make a return required..." for the years identified on the face of

the attached letters titled Final Notice;

COUNT 98

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

of the attached letters titled Final Notice. In connection with the issuance of the aforementioned attached letters titled Final Notice the IRS disregarded Federal Tax Regulations in 27 CAR Part 53, promulgated pursuant to Internal Revenue Code section 7805, for which Internal Revenue Code section 6020 provides authority, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare and subscribe any Substitute(s) for Return(s) in the name of Eleanor M. Glass  for the years identified on the face of the attached letters titled Final Notice;

COUNT 99

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Final Notice. In connection with the issuance of the aforementioned attached letters titled Final Notice the IRS disregarded Federal Tax Regulations in 27 CAR Part 70, promulgated pursuant to Internal Revenue Code section 7805, for which Internal Revenue Code section 6020 provides authority, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare and subscribe any Substitute(s) for Return(s) in the name of

Eleanor M. Glass  for the years identified on the face of the attached letters titled Urgent;

COUNT 100

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Final Notice the IRS disregarded Federal Tax Regulations in Federal Tax Regulation 26 CAR 301.6020-1, promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue Code section 6020 with respect to income tax, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare and subscribe any Substitute(s) for Return(s) in the name of Eleanor M. Glass  for the years identified on the face of the aatached letters titled Final Notice;

1 COUNT 102

2 All previous counts set forth above, are realleged and incorporated as if fully set forth

3 herein.

4 The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

5 of the attached letters titled Final Notice. In connection with the issuance of the

6 aforementioned attached letters titled Final Notice the IRS disregarded Internal Revenue

1    Code section 6020, subsection (b)(2), with intent to defeat the application thereof:

2    defendant, through principals, officers, agents, and/or employees of Internal Revenue

3    Service, purported to be a component of the Department of Treasury, failed to execute any

4    Substitute(s) for Return(s) in the name of Eleanor M. Glass  for the years identified on the

5    face of the attached letters titled Final Notice;

6    COUNT 103

7    All previous counts set forth above, are realleged and incorporated as if fully set

8    forth herein;

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Final Notice. In connection with the issuance of the aforementioned attached letters titled Final Notice the IRS disregarded Internal Revenue Code section 6103, subsection c, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to disclose returns, e.g., Substitute(s) for Return(s), and return information to Petitioner or Petitioner's representative upon request for the years identified on the face of the attached letters titled Final Notice;

COUNT 104

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Final Notice. In connection with the issuance of the aforementioned attached letters titled Final Notice the IRS disregarded Internal Revenue Code section 6109, subsection (d) with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, forced Petitioner(s) into the use of a "social security account number issued to an individual for purposes of section 205(c)(2)(A) of the Social Security Act" assignable by the Commissioner of Social Security only to:

1.    aliens, see 42 U.S.C. § 405(c)(2)(B)(i)(I); and,

2.    applicants for/recipients of federal benefits, see 42 U.S.C. § 405(c)(2)(B)(i)(II) effectively creating, in Petitioner(s), a false status of "alien" and/or "applicant/recipient".

COUNT 105

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Final Notice. In connection with the issuance of the aforementioned attached letters titled Final Notice the IRS disregarded Internal Revenue Code section 6201,subsection (a), paragraphs (1) and (2), with intent to defeat the

application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to assess taxes alleged to be owed by Petitioner(s) for the years identified on the face of the attached letters titled Final Notice;

COUNT 106

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Final Notice. In connection with the issuance of the aforementioned attached letters titled Final Notice the IRS disregarded 26 U.S.A. § 6202,with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to make an assessment of the taxes and penalties for any of the aforementioned years Petitioner(s) allegedly owe(s), within the time and mode set forth by the secretary for the years identified on the face of the attached letters titled Final Notice;

COUNT 107

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

of the attached letters titled Final Notice. In connection with the issuance of the aforementioned attached letters titled Final Notice the IRS disregarded Internal Revenue Code section 6203,with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to record assessment(s) in the office of the Secretary in the name of Eleanor M. Glass  for the years identified on the face of the attached letters titled Final Notice;

COUNT 108

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Final Notice. In connection with the issuance of the aforementioned attached letters titled Final Notice letters the IRS disregarded Federal Tax Regulation 301.6203-1, promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue Code section 6203, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to execute, i.e., sign record(s) of assessment, which include(s),

     (1)     identification of the taxpayer;

     (2)     character of liability assessed;

(3)    taxable period, if applicable; and,

(4)    amount of assessment,

for the years identified on the face of the attached letters titled Final Notice;

COUNT 109

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Final Notice. In connection with the issuance of the aforementioned attached letters titled Final Notice the IRS disregarded Internal Revenue Code section 6203,with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to furnish Petitioner copies of assessments with supporting lists "filed in the Office of the Secretary" upon request for the years identified on the face of the attached letters titled Final Notice;

COUNT 110

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Final Notice. In connection with the issuance of the aforementioned attached letters titled Final Notice the IRS disregarded Federal Tax

Regulation 301.6203-1, promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue Code section 6203, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to furnish Petitioner copies of signed records of assessment with supporting lists upon request for the years identified on the face of the attached letters titled Final Notice;

COUNT 111

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Final Notice. In connection with the issuance of the aforementioned attached letters titled Final Notice the IRS disregarded 26 U.S.C. §6501(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by neglecting to assess taxes owed within three years for the years identified on the face of the attached letters titled Final Notice;

COUNT 112

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

of the attached letters titled Final Notice. In connection with the issuance of the aforementioned attached letters titled Final Notice the IRS disregarded Internal Revenue Code section §6212 with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury by failing to send Petitioner(s) a notice of deficiency (90 day letter) for each of the aforementioned years for the years identified on the face of the attached letters titled Final Notice;

COUNT 113

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Final Notice. In connection with the issuance of the aforementioned attached letters titled Final Notice the IRS disregarded 26 U.S.C. §6404(g), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to suspend interest and penalties for reason that respondent has not specifically stated the amount of, and the basis for the liability respondent says Petitioner(s) owe(s) for the years identified on the face of the attached letters titled Final Notice;

COUNT 114

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Final Notice. In connection with the issuance of the aforementioned attached letters titled Final Notice the IRS disregarded 26 U.S.C. §6751(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to include in each notice imposing a penalty (1) the name of the penalty, (2) the Code section authorizing the penalty, and (3) an actual computation of the penalty for the years identified on the face of the attached letters titled Final Notice;

COUNT 115

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Final Notice. In connection with the issuance of the aforementioned attached letters titled Final Notice the IRS disregarded 26 U.S.C. §6751(b)(1), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to verify that a supervisor had

personally approved, in writing, each initial penalty determination for the years identified on the face of the attached letters titled Final Notice;

COUNT 116

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Final Notice. In connection with the issuance of the aforementioned attached letters titled Final Notice the IRS disregarded 26 U.S.C. §7491©, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by refusing to produce any evidence with respect to the imposition of each penalty and additions for the years identified on the face of the attached letters titled Final Notice;

COUNT 117

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Final Notice. In connection with the issuance of the aforementioned attached letters titled Final Notice the IRS disregarded 26 U.S.C. §7602(a), with intent to defeat the application thereof: defendant, through principals,

officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by conducting a presumed financial status audit for each of the aforementioned years for the years identified on the face of the attached letters titled Final Notice;

COUNT 118

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Final Notice. In connection with the issuance of the aforementioned attached letters titled Final Notice the IRS disregarded 26 U.S.C. §7491(b), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by refusing to prove items of income which were reconstructed solely through the use of statistical information on unrelated taxpayers for each of the aforementioned years for the years identified on the face of the attached letters titled Final Notice;

COUNT 119

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

of the attached letters titled Final Notice. In connection with the issuance of the aforementioned attached letters titled Final Notice the IRS disregarded 26 U.S.C. §6331(d)(1)(2) with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to send the Petitioner(s) a thirty (30) day notice for each of the aforementioned years for the years identified on the face of the attached letters titled Final Notice;

COUNT 120

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Final Notice. In connection with the issuance of the aforementioned attached letters titled Final Notice the IRS disregarded 26 U.S.C. §6330(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to provide Petitioner(s) with notice of a right to an impartial hearing before issuing a notice of lien and/or Lenient/or other agency action for the years identified on the face of the attached letters titled Final Notice; COUNT 26

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Final Notice. In connection with the issuance of the aforementioned attached letters titled Final Notice the IRS disregarded Internal Revenue Code section 6304, subsection (b), paragraph (1), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, engaged in "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any unpaid tax," for the years identified on the face of the attached letters titled Final Notice;

COUNT 121

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Final Notice. In connection with the issuance of the aforementioned attached letters titled Final Notice the IRS disregarded Internal Revenue Code section 6320, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to hold a meaningful hearing in conjunction with subsections c, (d) (other than paragraph (2)(B) thereof), and (e) of section 6330 for the years identified on the face of the attached letters titled Final Notice; COUNT 122

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Final Notice. In connection with the issuance of the aforementioned attached letters titled Final Notice the IRS disregarded Internal Revenue Code section 6321, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, asserted a lien for failure or neglect to pay without giving proper notice and without making demand for the years identified on the face of the attached letters titled Final Notice;

COUNT 122

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Final Notice. In connection with the issuance of the aforementioned attached letters titled Final Notice the IRS disregarded section **6751(b)(1)** of the Internal Revenue Code of 1986, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees violated IRC section 6751(b) by failing to verify that a supervisor had personally approved, in writing, the initial penalty determination for the years identified on the face of the attached letters titled Final

Notice;

COUNT 123

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Final Notice. In connection with the issuance of the aforementioned attached letters titled Final Notice the IRS disregarded 26 U.S.C. §7123(b)(1), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to provide Petitioner(s) with non-binding mediation before issuing a notice of lien and/or Lenient/or other agency action for the years identified on the face of the attached letters titled Final Notice;

COUNT 124

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Final Notice. In connection with the issuance of the aforementioned attached letters titled Final Notice the IRS disregarded 26 U.S.C. §6501(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to provide Petitioner(s) with non-binding mediation before issuing a notice of lien and/or Lenient/or other agency action for

the years identified on the face of the attached letters titled Final Notice;

COUNT 125

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Final Notice. In connection with the issuance of the aforementioned attached letters titled Final Notice the IRS disregarded Internal Revenue Code section 6322, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, asserted liens for which no assessment was made in accordance with Internal Revenue Code section 6203 and Federal Tax Regulation 301.6203-1 for the years identified on the face of the attached letters titled Final Notice;

COUNT 126

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Final Notice. In connection with the issuance of the aforementioned attached letters titled Final Notice the IRS disregarded Internal Revenue Code section 6323, subsection (f), paragraph (1), subparagraph (A), with intent to defeat

the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to certify notice(s) of lien(s) entitling same to be recorded pursuant to the Uniform Federal Tax Lien Registration Act, as enacted in New Mexico for the years identified on the face of the attached letters titled Final Notice;

COUNT 127

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached miscellaneous collection letters  (hereinafter attachment 5)In connection with the issuance of the aforementioned attached miscellaneous collection the IRS disregarded Internal Revenue Code section 6001, 68A Stat. 731, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to notify Petitioner, by notice served or by regulation, of the imposition of a requirement to keep records, make statements, or file returns with respect to any tax imposed in the Internal Revenue Code for the years identified on the face of the attached miscellaneous collection;

COUNT 128

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

of the attached miscellaneous collection. In connection with the issuance of the aforementioned attached miscellaneous collection letters the IRS disregarded Federal Tax Regulation 26 CAR 1.6001-1, subsection (d), promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue Code section 6001 with respect to income tax imposed in Subtitle A of the Internal Revenue Code; with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to notify Petitioner, by notice served, of the imposition of a requirement to keep specific records, make statements, or file returns with respect to tax imposed in Subtitle A of the Internal Revenue Code for the years identified on the face of the attached miscellaneous collection letters;

COUNT 129

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached miscellaneous collection letters. In connection with the issuance of the aforementioned attached miscellaneous collection letters the IRS disregarded Internal Revenue Code section 6020 , subsection (a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare and

subscribe any Substitute(s) for Return(s) in the name of Eleanor M. Glass , as authorized
*if* a "…person shall fail to make a return required…" for the years identified on the face of
the attached miscellaneous collection letters;

COUNT 130

All previous counts set forth above, are realleged and incorporated as if fully set
forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face
of the attached miscellaneous collection letters. In connection with the issuance of the
aforementioned attached miscellaneous collection letters the IRS disregarded Federal Tax
Regulations in 27 CAR Part 53, promulgated pursuant to Internal Revenue Code section
7805, for which Internal Revenue Code section 6020 provides authority, with intent to
defeat the application thereof: defendant, through principals, officers, agents, and/or
employees of Internal Revenue Service, purported to be a component of the Department
of Treasury, failed to prepare and subscribe any Substitute(s) for Return(s) in the name of
Eleanor M. Glass  for the years identified on the face of the attached miscellaneous
collection letters;

COUNT 131

All previous counts set forth above, are realleged and incorporated as if fully set
forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

of the attached miscellaneous collection letters. In connection with the issuance of the aforementioned attached miscellaneous collection letters the IRS disregarded Federal Tax Regulations in 27 CAR Part 70, promulgated pursuant to Internal Revenue Code section 7805, for which Internal Revenue Code section 6020 provides authority, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare and subscribe any Substitute(s) for Return(s) in the name of Eleanor M. Glass  for the years identified on the face of the attached miscellaneous collection letters;

COUNT 132

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached miscellaneous collection letters. In connection with the issuance of the aforementioned attached miscellaneous collection letters the IRS disregarded Federal Tax Regulations in Federal Tax Regulation 26 CAR 301.6020-1, promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue Code section 6020 with respect to income tax, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare and

subscribe any Substitute(s) for Return(s) in the name of Eleanor M. Glass  for the years identified on the face of the attached miscellaneous collection letters;

COUNT 133

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached miscellaneous collection letters. In connection with the issuance of the aforementioned attached miscellaneous collection letters the IRS disregarded Internal Revenue Code section 6020, subsection (b)(2), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to execute any Substitute(s) for Return(s) in the name of Eleanor M. Glass  for the years identified on the face of the attached miscellaneous collection letters;

COUNT 134

All previous counts set forth above, are realleged and incorporated as if fully set forth herein;

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the Mesalliance Collection letters. In connection with the issuance of the aforementioned attached miscellaneous collection letters the IRS disregarded Internal Revenue Code section 6103, subsection c with intent to defeat the application thereof: defendant, through

principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to disclose returns, e.g., Substitute(s) for Return(s), and return information to Petitioner or Petitioner's representative upon request for the years identified on the face of the attached miscellaneous collection letters;

COUNT 135

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached miscellaneous collection letters. In connection with the issuance of the aforementioned attached miscellaneous collection letters the IRS disregarded Internal Revenue Code section 6109, subsection (d) with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, forced Petitioner(s) into the use of a "social security account number issued to an individual for purposes of section 205(c)(2)(A) of the Social Security Act" assignable by the Commissioner of Social Security only to:

1.    aliens, *see* 42 U.S.C. § 405(c)(2)(B)(i)(I); and,

2.    applicants for/recipients of federal benefits, *see* 42 U.S.C. § 405(c)(2)(B)(i)(II) effectively creating, in Petitioner(s), a false status of "alien" and/or

"applicant/recipient".

COUNT 136

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached miscellaneous collection letters. In connection with the issuance of the aforementioned attached miscellaneous collection letters the IRS disregarded Internal Revenue Code section 6201,subsection (a), paragraphs (1) and (2), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to assess taxes alleged to be owed by Petitioner(s) for the years identified on the face of the attached miscellaneous collection letters;

COUNT 137

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached miscellaneous collection letters. In connection with the issuance of the aforementioned attached miscellaneous collection letters the IRS disregarded 26 U.S.A. § 6202,with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of

the Department of Treasury, by failing to make an assessment of the taxes and penalties

for any of the aforementioned years Petitioner(s) allegedly owe(s), within the time and

mode set forth by the secretary for the years identified on the face of the attached

miscellaneous collection letters;

COUNT 138

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

of the attached miscellaneous collection letters. In connection with the issuance of the

aforementioned attached miscellaneous collection letters the IRS disregarded Internal

Revenue Code section 6203,with intent to defeat the application thereof: defendant,

through principals, officers, agents, and/or employees of Internal Revenue Service,

purported to be a component of the Department of Treasury, failed to record

assessment(s) in the office of the Secretary in the name of Eleanor M. Glass  for the years

identified on the face of the attached miscellaneous collection letters;

COUNT 139

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

of the attached miscellaneous collection letters. In connection with the issuance of the

aforementioned attached miscellaneous collection letters the IRS disregarded Federal Tax Regulation 301.6203-1, promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue Code section 6203, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to execute, i.e., sign record(s) of assessment, which include(s),

     (1)    identification of the taxpayer;

     (2)    character of liability assessed;

     (3)    taxable period, if applicable; and,

     (4)    amount of assessment,

for the years identified on the face of the attached miscellaneous collection letters;

COUNT 140

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached miscellaneous collection letters. In connection with the issuance of the aforementioned attached miscellaneous collection letters the IRS disregarded Internal Revenue Code section 6203,with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to furnish Petitioner

copies of assessments with supporting lists "filed in the Office of the Secretary" upon request for the years identified on the face of the attached miscellaneous collection letters;

COUNT 141

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached miscellaneous collection letters. In connection with the issuance of the aforementioned attached miscellaneous collection letters the IRS disregarded Federal Tax Regulation 301.6203-1, promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue Code section 6203, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to furnish Petitioner copies of signed records of assessment with supporting lists upon request for the years identified on the face of the attached miscellaneous collection letters;

COUNT 142

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached miscellaneous collection letters. In connection with the issuance of the

aforementioned attached miscellaneous collection letters the IRS disregarded 26 U.S.C. §6501(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by neglecting to assess taxes owed within three years for the years identified on the face of the attached miscellaneous collection letters;

COUNT 143

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached miscellaneous collection letters. In connection with the issuance of the aforementioned attached miscellaneous collection letters the IRS disregarded Internal Revenue Code section §6212 with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury by failing to send Petitioner(s) a notice of deficiency (90 day letter) for each of the aforementioned years for the years identified on the face of the attached miscellaneous collection letters;

COUNT 144

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

of the attached miscellaneous collection letters. In connection with the issuance of the aforementioned attached miscellaneous collection letters the IRS disregarded 26 U.S.C. §6404(g), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to suspend interest and penalties for reason that respondent has not specifically stated the amount of, and the basis for the liability respondent says Petitioner(s) owe(s) for the years identified on the face of the attached miscellaneous collection letters;

COUNT 145

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached miscellaneous collection letters. In connection with the issuance of the aforementioned attached miscellaneous collection letters the IRS disregarded 26 U.S.C. §6751(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to include in each notice imposing a penalty (1) the name of the penalty, (2) the Code section authorizing the penalty, and (3) an actual computation of the penalty for the years identified on the face of the attached miscellaneous collection letters;

COUNT 146

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached miscellaneous collection letters. In connection with the issuance of the aforementioned attached miscellaneous collection letters the IRS disregarded 26 U.S.C. §6751(b)(1), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to verify that a supervisor had personally approved, in writing, each initial penalty determination for the years identified on the face of the attached miscellaneous collection letters;

COUNT 147

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached miscellaneous collection letters. In connection with the issuance of the aforementioned attached miscellaneous collection letters the IRS disregarded 26 U.S.C. §7491©, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by refusing to produce any evidence with

respect to the imposition of each penalty and additions for the years identified on the face of the attached miscellaneous collection letters;

COUNT 148

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached miscellaneous collection letters. In connection with the issuance of the aforementioned attached miscellaneous collection letters the IRS disregarded 26 U.S.C. §7602(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by conducting a presumed financial status audit for each of the aforementioned years for the years identified on the face of the attached miscellaneous collection letters;

COUNT 149

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached miscellaneous collection letters. In connection with the issuance of the aforementioned attached miscellaneous collection letters the IRS disregarded 26 U.S.C. §7491(b), with intent to defeat the application thereof: defendant, through principals,

officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by refusing to prove items of income which were reconstructed solely through the use of statistical information on unrelated taxpayers for each of the aforementioned years for the years identified on the face of the attached miscellaneous collection letters;

COUNT 150

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached miscellaneous collection letters. In connection with the issuance of the aforementioned attached miscellaneous collection letters the IRS disregarded 26 U.S.C. §6331(d)(1)(2) with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to send the Petitioner(s) a thirty (30) day notice for each of the aforementioned years for the years identified on the face of the attached miscellaneous collection letters;

COUNT 151

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

of the attached miscellaneous collection letters. In connection with the issuance of the aforementioned attached miscellaneous collection letters the IRS disregarded 26 U.S.C. §6330(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to provide Petitioner(s) with notice of a right to an impartial hearing before issuing a notice of lien and/or levy and/or other agency action for the years identified on the face of the attached miscellaneous collection letters;

COUNT 26

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached miscellaneous collection letters. In connection with the issuance of the aforementioned attached miscellaneous collection letters the IRS disregarded Internal Revenue Code section 6304, subsection (b), paragraph (1), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, engaged in "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any unpaid tax," for the years identified on the face of the attached miscellaneous collection letters;

COUNT 152

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face
of the attached miscellaneous collection letters. In connection with the issuance of the
aforementioned attached miscellaneous collection letters the IRS disregarded Internal
Revenue Code section 6320, with intent to defeat the application thereof: defendant,
through principals, officers, agents, and/or employees of Internal Revenue Service,
purported to be a component of the Department of Treasury, failed to hold a meaningful
hearing in conjunction with subsections ©, (d) (other than paragraph (2)(B) thereof), and
(e) of section 6330 for the years identified on the face of the attached miscellaneous
collection letters;

COUNT 153

All previous counts set forth above, are realleged and incorporated as if fully set
forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face
of the attached miscellaneous collection letters. In connection with the issuance of the
aforementioned attached miscellaneous collection letters the IRS disregarded  Internal
Revenue Code section 6321, with intent to defeat the application thereof: defendant,
through principals, officers, agents, and/or employees of Internal Revenue Service,
purported to be a component of the Department of Treasury, asserted a lien for failure or
neglect to pay without giving proper notice and without making demand for the years

identified on the face of the attached miscellaneous collection letters;

COUNT 154

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached miscellaneous collection letters. In connection with the issuance of the aforementioned attached miscellaneous collection letters the IRS disregarded section 6751(b)(1) of the Internal Revenue Code of 1986, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees violated IRC section 6751(b) by failing to verify that a supervisor had personally approved, in writing, the initial penalty determination for the years identified on the face of the attached miscellaneous collection letters;

COUNT 155

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached miscellaneous collection letters. In connection with the issuance of the aforementioned attached miscellaneous collection letters the IRS disregarded 26 U.S.C. §7123(b)(1), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a

component of the Department of Treasury, by failing to provide Petitioner(s) with non-binding mediation before issuing a notice of lien and/or levy and/or other agency action for the years identified on the face of the attached miscellaneous collection letters;

COUNT 156

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached miscellaneous collection letters. In connection with the issuance of the aforementioned attached miscellaneous collection letters the IRS disregarded 26 U.S.C. §6501(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to provide Petitioner(s) with non-binding mediation before issuing a notice of lien and/or levy and/or other agency action for the years identified on the face of the attached miscellaneous collection letters;

COUNT 157

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached miscellaneous collection letters. In connection with the issuance of the aforementioned attached miscellaneous collection letters the IRS disregarded Internal Revenue Code section 6322, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service,

purported to be a component of the Department of Treasury, asserted liens for which no assessment was made in accordance with Internal Revenue Code section 6203 and Federal Tax Regulation 301.6203-1 for the years identified on the face of the attached miscellaneous collection letters;

COUNT 158

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached miscellaneous collection letters. In connection with the issuance of the aforementioned attached miscellaneous collection letters the IRS disregarded Internal Revenue Code section 6323, subsection (f), paragraph (1), subparagraph (A), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to certify notice(s) of lien(s) entitling same to be recorded pursuant to the Uniform Federal Tax Lien Registration Act, as enacted in New Mexico for the years identified on the face of the miscellaneous letters.

## IV

## REMEDY SOUGHT

1.      Plaintiff(s) seek(s) damages in accordance with section 7433, in an amount equal to the fine imposed in Internal Revenue Code section 7214(a) for each

disregard with intent to defeat the provisions thereof, i.e., 10,000.00 per

disregard or in the alternative one and one half times the statutory allowance

as determined by the court; and,

2.    such other and further damages as the court deems just and proper.

Dated: _June 12 2007_, 2007

_Eleanor M Glass_    _____
Eleanor M. Glass

## Acknowledgment

On the above inscribed date before the undersigned, a Notary Public for the State of New Mexico, personally appeared, Eleanor M. Glass, known to me to be the person(s) whose name(s) are subscribed to the within instrument, and acknowledged to me that he/she/they executed the same as his/her/their free act and deed.

_Kelly Johnston_    Ex. Date   12·05·2010
Notary, State of New Mexico

# ATTACHMENT

# 1

# LEVY

*07 1077*

**FILED**

JUN 1 5 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Form 668-W(ICS)
(Jan. 2003)

Department of the Treasury – Internal Revenue Service
**Notice of Levy on Wages, Salary, and Other Income**    45 - B

DATE: **10/06/2005**

REPLY TO: **Internal Revenue Service**
**MICHAEL J PRYOR**
**12600 W COLFAX AVE**
**LAKEWOOD, CO 80215-3733**

TELEPHONE NUMBER
OF IRS OFFICE: **(303)231-5270**

NAME AND ADDRESS OF TAXPAYER:
**ELEANOR M GLASS**
**600 GOLONDRINA**
**ROSWELL, NM 88201**

TO: **SOCIAL SECURITY ADMINISTRATION**
**P.O. BOX 15427**
**KANSAS CITY, MO 64106**

IDENTIFYING NUMBER(S): **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**

GLAS

453 - 24 -8553D7

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040 | 12/31/1994 | 67311.05 | 48374.59 | 115685.64 |
| 1040 | 12/31/1995 | 1546.61 | 1131.92 | 2678.53 |
| 1040 | 12/31/1996 | 3386.84 | 2293.43 | 5680.27 |
| 1040 | 12/31/1999 | 55998.31 | 9965.74 | 65964.05 |
| | | | Total Amount Due  ⇒ | 190028.49 |

We figured the interest and late payment penalty to **11-05-2005**

Although we asked you to pay the amount you owe, it is still not paid.

This is your copy of a Notice of Levy we have sent to collect the unpaid amount. We will send other levies if we don't get sufficient funds to pay the total amount you owe.

This levy requires the person who received it to turn over to us: your wages and salary that have been earned but not paid, as well as wages and salary earned in the future until the levy is released; and (2) your other income that the person has now or is obligated to pay you. This money is levied to the extent it isn't exempt, as explained on the back of Part 5 of this form.

If you decide to pay the amount you owe now, please bring a guaranteed payment (cash, cashier's check, or money order) to the nearest IRS office with this form, so we can tell the person who received this levy not to send us your money. Make checks and money orders payable to United States Treasury. If you mail your payment instead of bringing it to us, we may not have time to stop the person who received this levy from sending us your money.

If you have any questions or want to arrange payment before other levies are issued, please call or write us. If you write to us, please include your telephone number and the best time for us to call you.

**Please see the back of Part 5 for instructions.**

| Signature of Service Representative | Title |
|---|---|
| **/S/ MICHAEL J PRYOR** | **REVENUE OFFICER** |

Part 2 –    For Taxpayer         Catalog No. 35390F    www.irs.gov         Form 668-W(ICS) (1-2003)

| Form 668-W(ICS) (Jan. 2003) | Department of the Treasury – Internal Revenue Service<br>**Notice of Levy on Wages, Salary, and Other Income**  4/5. C |
|---|---|

DATE: 10/06/2005

REPLY TO: Internal Revenue Service

**MICHAEL J PRYOR**
**12600 W COLFAX AVE**
**LAKEWOOD, CO 80215-3733**

TELEPHONE NUMBER
OF IRS OFFICE: (303)231-5270

NAME AND ADDRESS OF TAXPAYER:

**ELEANOR M GLASS**
**600 GOLONDRINA**
**ROSWELL, NM 88201**

TO:    **PRIME TIME CHRISTIAN BROADCAS**
**PO BOX 7708**
**MIDLAND, TX 79708-7708**

IDENTIFYING NUMBER(S):  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

GLAS

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040 | 12/31/1994 | 67311.05 | 48374.59 | 115685.64 |
| 1040 | 12/31/1995 | 1546.61 | 1131.92 | 2678.53 |
| 1040 | 12/31/1996 | 3386.84 | 2293.43 | 5680.27 |
| 1040 | 12/31/1999 | 55998.31 | 9965.74 | 65964.05 |
| | | | Total Amount Due ⇒ | 190028.49 |

We figured the interest and late payment penalty to **11-05-2005**

Although we asked you to pay the amount you owe, it is still not paid.

This is your copy of a Notice of Levy we have sent to collect the unpaid amount. We will send other levies if we don't get sufficient funds to pay the total amount you owe.

This levy requires the person who received it to turn over to us: your wages and salary that have been earned but not paid, as well as wages and salary earned in the future until the levy is released; and (2) your other income that the person has now or is obligated to pay you. This money is levied to the extent it isn't exempt, as explained on the back of Part 5 of this form.

If you decide to pay the amount you owe now, please bring a guaranteed payment (*cash, cashier's check, or money order*) to the nearest IRS office with this form, so we can tell the person who received this levy not to send us your money. Make checks and money orders payable to United States Treasury. If you mail your payment instead of bringing it to us, we may not have time to stop the person who received this levy from sending us your money.

If you have any questions or want to arrange payment before other levies are issued, please call or write us. If you write to us, please include your telephone number and the best time for us to call you.

Please see the back of Part 5 for instructions.

| Signature of Service Representative<br>**/S/ MICHAEL J PRYOR** | Title<br>**REVENUE OFFICER** |
|---|---|

Part 2 –    For Taxpayer            Catalog No. 35390F    www.irs.gov            Form 668-W(ICS) (1-2003)

| Form 668-A(ICS)<br>(Jan. 2003) | | Department of the Treasury – Internal Revenue Service<br>**Notice of Levy** | | 45-D |

DATE: 10/06/2005

REPLY TO:  Internal Revenue Service
       **MICHAEL J PRYOR**
       **12600 W COLFAX AVE**
       **LAKEWOOD, CO 80215-3733**

TELEPHONE NUMBER
OF IRS OFFICE: **(303)231-5270**

NAME AND ADDRESS OF TAXPAYER:
**ELEANOR M GLASS**
**600 GOLONDRINA**
**ROSWELL, NM 88201**

TO:  **PRUDENTIAL INSURANCE CO OF AMERICA**
     **200 WOOD AVE S PAYROLL SERVICES 3FL**
     **ISELIN, NJ 08830-2706**

IDENTIFYING NUMBER(S):  **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**

GLAS

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040 | 12/31/1994 | 67311.05 | 48374.59 | 115685.64 |
| 1040 | 12/31/1995 | 1546.61 | 1131.92 | 2678.53 |
| 1040 | 12/31/1996 | 3386.84 | 2293.43 | 5680.27 |
| 1040 | 12/31/1999 | 55998.31 | 9985.74 | 65984.05 |

| THIS LEVY WON'T ATTACH FUNDS IN IRAs, SELF-EMPLOYED INDIVIDUALS' RETIREMENT PLANS, OR ANY OTHER RETIREMENT PLANS IN YOUR POSSESSION OR CONTROL, UNLESS IT IS SIGNED IN THE BLOCK TO THE RIGHT.⟹ | Total<br>Amount<br>Due | 190028.49 |

We figured the interest and late payment penalty to  **11-05-2005**

Although we have told you to pay the amount you owe, it is still not paid. This is your copy of a notice of levy we have sent to collect this unpaid amount. We will send other levies if we don't get enough with this one.

Banks, credit unions, savings and loans, and similar institutions described in section 408(n) of the Internal Revenue Code <u>must hold your money for 21 calendar days</u> before sending it to us. They must include the interest you earn during that time. Anyone else we send a levy to must turn over your money, property, credits, etc. that they have (or are already obligated for) when they would have paid you.

If you decide to pay the amount you owe now, please <u>bring</u> a guaranteed payment (cash, cashier's check, certified check, or money order) to the nearest IRS office with this form, so we can tell the person who received this levy not to send us your money. Make checks and money orders payable to United States Treasury. If you mail your payment instead of bringing it to us, we may not have time to stop the person who received this levy from sending us your money.

If we have erroneously levied your bank account, we may reimburse you for the fees your bank charged you for handling the levy. You must file a claim with the IRS on Form 8546 within one year after the fees are charged.

If you have any questions, or want to arrange payment before other levies are issued, please call or write us. If you write to us, please include your telephone number and the best time to call.

| Signature of Service Representative<br>**/S/ MICHAEL J PRYOR** | Title<br>**REVENUE OFFICER** |

Part 4 –    For Taxpayer                          Catalog No. 35389E    www.irs.gov                    Form 668-A(ICS) (1-2003)

| Form 668-A(ICS) (Jan. 2003) | Department of the Treasury – Internal Revenue Service **Notice of Levy** | 45-E |
|---|---|---|

DATE: 10/06/2005

REPLY TO: Internal Revenue Service
**MICHAEL J PRYOR**
**12600 W COLFAX AVE**
**LAKEWOOD, CO 80215-3733**

TELEPHONE NUMBER
OF IRS OFFICE: (303)231-5270

NAME AND ADDRESS OF TAXPAYER:
**ELEANOR M GLASS**
**600 GOLONDRINA**
**ROSWELL, NM 88201**

TO:   **STATE STREET BANK & TRUST**
**FEDERATED SHAREHOLDER SERVICES CO**
**82 DEVONSHIRE ST MW2G**
**BOSTON, MA 02109-3605**

IDENTIFYING NUMBER(S):  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

GLAS

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040 | 12/31/1994 | 67311.05 | 48374.59 | 115685.64 |
| 1040 | 12/31/1995 | 1546.61 | 1131.92 | 2678.53 |
| 1040 | 12/31/1996 | 3386.84 | 2293.43 | 5680.27 |
| 1040 | 12/31/1999 | 55998.31 | 9985.74 | 65984.05 |

| THIS LEVY WON'T ATTACH FUNDS IN IRAs, SELF-EMPLOYED INDIVIDUALS' RETIREMENT PLANS, OR ANY OTHER RETIREMENT PLANS IN YOUR POSSESSION OR CONTROL, UNLESS IT IS SIGNED IN THE BLOCK TO THE RIGHT. ⟹ | Total Amount Due | 190028.49 |
|---|---|---|

We figured the interest and late payment penalty to  **11-05-2005**

Although we have told you to pay the amount you owe, it is still not paid. This is your copy of a notice of levy we have sent to collect this unpaid amount. We will send other levies if we don't get enough with this one.

Banks, credit unions, savings and loans, and similar institutions described in section 408(n) of the Internal Revenue Code **must hold your money for 21 calendar days** before sending it to us. They must include the interest you earn during that time. Anyone else we send a levy to must turn over your money, property, credits, etc. that they have *(or are already obligated for)* when they would have paid you.

If you decide to pay the amount you owe now, please **bring** a guaranteed payment *(cash, cashier's check, certified check, or money order)* to the nearest IRS office with this form, so we can tell the person who received this levy not to send us your money. Make checks and money orders payable to United States Treasury. If you mail your payment instead of bringing it to us, we may not have time to stop the person who received this levy from sending us your money.

If we have erroneously levied your bank account, we may reimburse you for the fees your bank charged you for handling the levy. You must file a claim with the IRS on Form 8546 within one year after the fees are charged.

If you have any questions, or want to arrange payment before other levies are issued, please call or write us. If you write to us, please include your telephone number and the best time to call.

| Signature of Service Representative /S/ MICHAEL J PRYOR | Title **REVENUE OFFICER** |
|---|---|

Part 4 –    For Taxpayer        Catalog No. 35369E    www.irs.gov        Form 668-A(ICS) (1-2003)

| Form 668-A(c)<br>(Rev. August 1994) | Department of the Treasury — Internal Revenue Service<br>**Notice of Levy** | **9-K** |
|---|---|---|

**DATE:** 06/07/97    **DISTRICT:** SOUTHWEST

**REPLY TO:**

AUTOMATED COLLECTION SYSTEM
P.O. BOX 9949
OGDEN, UT 84409

| | TELEPHONE NUMBER | SEQNUM | 00113 |
|---|---|---|---|
| OF IRS OFFICE: | | | |
| DENVR AREA | | 571-0423 | |
| TOLL FREE | | 1-800-829-8977 | |

**NAME AND ADDRESS OF TAXPAYER:**

**TO:  P**    85-0027713    DCP05

FIRST FEDERAL SAVINGS BANK-N M

PO BOX 340
ROSWELL NM          88202-0340400

ELEANOR M GLASS
600 GOLONDRINA
ROSWELL NM    88201-1523002
**IDENTIFYING NUMBER(S):**

GLAS 0 00                    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

THIS ISN'T A BILL FOR TAXES YOU OWE. THIS IS A NOTICE OF LEVY WE ARE USING TO COLLECT MONEY OWED BY THE TAXPAYER NAMED ABOVE.

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| CIVPEN | 12-31-91 | 500.00 | 33.07 | 533.07 |
| CIVPEN | 12-31-92 | 500.00 | 33.07 | 533.07 |
| CIVPEN | 12-31-93 | 500.00 | 33.07 | 533.07 |
| CIVPEN | 12-31-94 | 500.00 | 33.07 | 533.07 |

| THIS LEVY WON'T ATTACH FUNDS IN IRAs, SELF-EMPLOYED INDIVIDUALS' RETIREMENT PLANS, OR ANY OTHER RETIREMENT PLANS IN YOUR POSSESSION OR CONTROL UNLESS IT IS SIGNED IN THE BLOCK TO THE RIGHT. | | Total Amount Due | 2,132.28 |
|---|---|---|---|

We figured the interest and late payment penalty to _____ 07-01-97 _____.

Although we have told you to pay the amount you owe, it is still not paid. This is your copy of a notice of levy we have sent to collect this unpaid amount. We will send other levies if we don't get enough with this one.

Banks, credit unions, savings and loans, and similar institutions described in section 408(n) of the Internal Revenue Code must hold your money for 21 calendar days before sending it to us. They must include the interest you earn during that time. Anyone else we send a levy to must turn over your money, property credits, etc. that they have (or are already obligated for) when they would have paid you.

If you decide to pay the amount you owe now, please bring a guaranteed payment (cash, cashier's check, certified check, or money order) to the nearest IRS office with this form, so we can tell the person who received this levy not to send us your money. If you mail your payment instead of bringing it to us, we may not have time to stop the person who received this levy from sending us your money.

If we have erroneously levied your bank account, we may reimburse you for the fees your bank charged you for handling the levy. You must file a claim with the IRS on Form 8546 within one year after the fees are charged.

If you have any questions, or want to arrange payment before other levies are issued, please call or write us. If you write to us, please include your telephone number and the best time to call.

Signature of Service Representative                    | Title

# ATTACHMENT

# 2

# LIEN

BOOK 0528  PAGE 1216

45-A

1872

Form 668 (Y)(c)
(Rev. February 2004)

Department of the Treasury - Internal Revenue Service
## Notice of Federal Tax Lien

| Area: SMALL BUSINESS/SELF EMPLOYED AREA #11 Lien Unit Phone: (800) 913-6050 | Serial Number 241437805 | For Optional Use by Recording Office |
|---|---|---|

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

Name of Taxpayer ELEANOR M GLASS

Residence    600 GOLONDRINA
ROSWELL, NM 88201

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/1994 | 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 | 11/09/1998 | 12/09/2008 | 67293.05 |
| 1040 | 12/31/1995 | 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 | 11/09/1998 | 12/09/2008 | 1546.61 |
| 1040 | 12/31/1996 | 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 | 11/09/1998 | 12/09/2008 | 3386.84 |
| 1040 | 12/31/1999 | 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 | 03/31/2003 | 04/30/2013 | 55998.31 |

| Place of Filing    COUNTY CLERK CHAVES COUNTY ROSWELL, NM 88202-0580 | Total $ | 128224.81 |
|---|---|---|

This notice was prepared and signed at    DENVER, CO    , on this,

the    03rd    day of    August    ,    2005    .

| Signature *(Sherwood)* for MIKE PRYOR | Title REVENUE OFFICER (303) 231-5270 x2290 | 31-10-4668 |
|---|---|---|

STATE OF NEW MEXICO, COUNTY OF CHAVES, ss

FILED FOR RECORD    AUGUST 11, 2005    at    12:03    o'clock    P M.

Receipt No.    264571    Fee    $9.00    Book    528    Page    1216

RHODA C. COAKLEY, COUNTY CLERK    By *Naul Hernandez*    Deputy

**FILED**

JUN 1 5 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# ATTACHMENT

# 3

# URGENT

**IRS** Department of the Treasury
Internal Revenue Service
OGDEN, UT  84201-0030

Notice Number: CP 504
Notice Date:  07-14-2003

**SSN/EIN:**  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
**Caller ID:**  531773

7178 2665 9398 1715 8267

**Backup withholding could apply!** If you don't pay the amount due, those who pay you interest and dividends could be required to withhold 31% from those payments.

||I||.|I||...|.I||...|I.|.I.|.||...|.|..||.|||||||...|||||.|

ELEANOR M GLASS
600 GOLONDRINA
ROSWELL  NM  88201-1323002



*450382901101*

## <u>Urgent !!</u>

### We intend to levy on certain assets.  Please respond NOW.

(To avoid additional penalty and interest, pay the amount you owe within ten days from the date of this notice.)

Our records indicate that you haven't paid the amount you owe.  The law requires that you pay your tax at the time you file your return.  This is your notice, as required by Internal Revenue Code Section 6331(d), of our intent to levy (take) any state tax refunds that you may be entitled to if we don't receive your payment in full.  In addition, we will begin to search for other assets we may levy.  We can also file a Notice of Federal Tax Lien, if we haven't already done so. **To prevent collection action, please pay the current balance now.**  If you've already paid, can't pay, or have arranged for an installment agreement, it is important that you **call us immediately** at the telephone number shown below.

### Account Summary

| Form: 1040A | Tax Period: 12-31-1995 |
|---|---|

| | |
|---|---|
| **Current Balance:** | $2,413.37 |
| Includes: | |
| Penalty: | $239.25 |
| Interest: | $627.51 |
| Last Payment: | $0.00 |

For information on your penalty & interest computations, you may call 1-800-829-0922

Questions? Call us at  **1-800-829-0922**

See the enclosed Publication 594, The IRS Collection Process, and Notice 1219B, Notice of Potential Third Party Contact, for additional information.

Please mail this part with your payment, payable to United States Treasury.

Notice Number: CP 504
Notice Date:  07-14-2003

*write on your check:*

| 1040A | 12-31-1995 | 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 |
|---|---|---|

**Amount Due:**
$2,413.37

Internal Revenue Service
OGDEN, UT  84201-0030

||.|.|.|.|.|.I.|II|...||II|...||.|...|I.||...|.|II

ELEANOR M GLASS
600 GOLONDRINA
ROSWELL  NM  88201-1323002

*07 1077*

450382901 TK GLAS 30 0 199512 670 00000241337

**FILED**

JUN 1 5 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**IRS** Department of the Treasury
Internal Revenue Service
OGDEN, UT  84201-0030

Notice Number: CP 504
Notice Date:  07-14-2003

**SSN/EIN:**  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
**Caller ID:**  531773

**Backup withholding could apply! If you don't pay the amount due, those who pay you interest and dividends could be required to withhold 31% from those payments.**

7178 2665 9398 1715 8243

ELEANOR M GLASS
600 GOLONDRINA
ROSWELL  NM  88201-1323002

*450382901101*

## Urgent !!

### We intend to levy on certain assets. Please respond NOW.
**(To avoid additional penalty and interest, pay the amount you owe within ten days from the date of this notice.)**

Our records indicate that you haven't paid the amount you owe. The law requires that you pay your tax at the time you file your return. This is your notice, as required by Internal Revenue Code Section 6331(d), of our intent to levy (take) any state tax refunds that you may be entitled to if we don't receive your payment in full. In addition, we will begin to search for other assets we may levy. We can also file a Notice of Federal Tax Lien, if we haven't already done so. **To prevent collection action, please pay the current balance now.** If you've already paid, can't pay, or have arranged for an installment agreement, it is important that you **call us immediately** at the telephone number shown below.

### Account Summary

| Form: 1040A | Tax Period: 12-31-1994 |
|---|---|

| | |
|---|---|
| Current Balance: | $104,130.95 |
| Includes: | |
| Penalty: | $9,536.00 |
| Interest: | $27,301.90 |
| Last Payment: | $0.00 |

For information on your penalty & interest computations, you may call 1-800-829-0922

Questions? Call us at **1-800-829-0922**

See the enclosed Publication 594, The IRS Collection Process, and Notice 1219B, Notice of Potential Third Party Contact, for additional information.

Please mail this part with your payment, payable to United States Treasury.

Notice Number: CP 504
Notice Date: 07-14-2003

*write on your check:*

| 1040A | 12-31-1994 | 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 |
|---|---|---|

| Amount Due: |
|---|
| $104,130.95 |

Internal Revenue Service
OGDEN, UT  84201-0030

ELEANOR M GLASS
600 GOLONDRINA
ROSWELL  NM  88201-1323002

450382901 TK GLAS 30 0 199412 670 00010413095

IRS **Department of the Treasury**
**Internal Revenue Service**
OGDEN, UT 84201-0030

**Notice Number:** CP 504 
**Notice Date:** 06-09-2003
**SSN/EIN:** 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
**Caller ID:** 531773

**Backup withholding could apply!** If you don't pay the amount due, those who pay you interest and dividends could be required to withhold 31% from those payments.

7178 2665 9398 1554 7353

ELEANOR M GLASS
600 GOLONDRINA
ROSWELL NM 88201-1323002

*450382901101*

# Urgent !!

## We intend to levy on certain assets. Please respond NOW.
### (To avoid additional penalty and interest, pay the amount you owe within ten days from the date of this notice.)

Our records indicate that you haven't paid the amount you owe. The law requires that you pay your tax at the time you file your return. This is your notice, as required by Internal Revenue Code Section 6331(d), of our intent to levy (take) any state tax refunds that you may be entitled to if we don't receive your payment in full. In addition, we will begin to search for other assets we may levy. We can also file a Notice of Federal Tax Lien, if we haven't already done so. **To prevent collection action, please pay the current balance now.** If you've already paid, can't pay, or have arranged for an installment agreement, it is important that you call us **immediately** at the telephone number shown below.

## Account Summary

| Form: 1040A | Tax Period: 12-31-1999 |
|---|---|

| | |
|---|---|
| Current Balance: | $56,858.71 |
| Includes: | |
| Penalty: | $320.89 |
| Interest: | $539.51 |
| Last Payment: | $0.00 |

For information on your penalty & interest computations, you may call 1-800-829-0922

Questions? Call us at 1-800-829-0922

See the enclosed Publication 594, The IRS Collection Process, and Notic 1219B, Notice of Potential Third Party Contact, for additional information.

Please mail this part with your payment, payable to United States Treasury.

**Notice Number:** CP 504
**Notice Date:** 06-09-2003

*write on your check:*

| 1040A | 12-31-1999 | 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 |
|---|---|---|

**Amount Due:**
$56,858.71

Internal Revenue Service
OGDEN, UT 84201-0030

ELEANOR M GLASS
600 GOLONDRINA
ROSWELL NM 88201-1323002

904 568 669    3414    199612    281

Department of the Treasury
Internal Revenue Service
OGDEN, UT  84201

**Notice Number:  CP 504**
**Notice Date:  01-10-2000**

**SSN/EIN:  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**
**Caller ID:  711896**

ELEANOR M GLASS
600 GOLONDRINA
ROSWELL   NM   88201-1323002

Backup withholding could apply! If you don't pay the amount due, those who pay you interest and dividends could be required to withhold 31% from those payments.



*450382901101*

# Urgent !!
## We intend to levy on certain assets.  Please respond NOW.
### (To avoid additional late payment penalty and interest, pay your overdue liability now.)

Our records indicate that you haven't paid the amount you owe.  The law requires that you pay your tax at the time you file your return.  This is your notice, as required by Internal Revenue Code Section 6331(d), of our intent to levy (take) any state tax refunds that you may be entitled to if we don't receive your payment in full.  In addition, we will begin to search for other assets we may levy.  We can also file a Notice of Federal Tax Lien, if we haven't already done so.  **To prevent collection action, please pay the current balance now.**  If you've already paid, can't pay, or have arranged for an installment agreement, it is important that you **call us immediately** at the telephone number shown below.

## Account Summary

| Form: 1040A | Tax Period: 12-31-1996 |
|---|---|
| Current Balance: | $4,004.91 |
| Includes: | |
| Penalty: | $294.98 |
| Interest: | $323.09 |
| Last Payment: | $0.00 |

Questions? Call us at   **1-800-829-8815**

See enclosed Publication 594 that explains your rights and responsibilities as a taxpayer.

Please mail this part with your payment, payable to United States Treasury.

Notice Number: CP 504
Notice Date:  01-10-2000

write on your check:

| 1040A | 12-31-1996 | 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 |
|---|---|---|

| Amount Due: |
|---|
| $4,004.91 |

450382901 TK GLAS 30 0 9612 670 00000400491

Internal Revenue Service
OGDEN, UT  84201

ELEANOR M GLASS
600 GOLONDRINA
ROSWELL   NM   88201-1323002

704 568 670     415    199512

Department of the Treasury
Internal Revenue Service
OGDEN, UT 84201

**Notice Number: CP 504**

**Notice Date: 01-10-2000**

**SSN/EIN: 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**

**Caller ID: 711896**

Backup withholding could apply! If
you don't pay the amount due, those
who pay you interest and dividends
could be required to withhold 31%
from those payments.

ELEANOR M GLASS
600 GOLONDRINA
ROSWELL NM 88201-1323002



*450382901101*

# Urgent !!
## We intend to levy on certain assets. Please respond NOW.
### (To avoid additional late payment penalty and interest, pay your overdue liability now.)

Our records indicate that you haven't paid the amount you owe. The law requires that you pay your tax at the time you file your return. This is your notice, as required by Internal Revenue Code Section 6331(d), of our intent to levy (take) any state tax refunds that you may be entitled to if we don't receive your payment in full. In addition, we will begin to search for other assets we may levy. We can also file a Notice of Federal Tax Lien, if we haven't already done so. **To prevent collection action, please pay the current balance now.** If you've already paid, can't pay, or have arranged for an installment agreement, it is important that you **call us immediately** at the telephone number shown below.

## Account Summary

| Form: 1040A | Tax Period: 12-31-1995 |
|---|---|

| | |
|---|---|
| Current Balance: | $1,823.35 |
| Includes: | |
| Penalty: | $129.19 |
| Interest: | $147.55 |
| Last Payment: | $0.00 |

Questions? Call us at   **1-800-829-8815**

See enclosed Publication 594 that explains
your rights and responsibilities as a taxpayer.

Please mail this part with your payment, payable to United States Treasury.

Notice Number: CP 504

Notice Date: 01-10-2000

write on your check:

| 1040A | 12-31-1995 | 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 |
|---|---|---|

| Amount Due: |
|---|
| $1,823.35 |

450382901 TK GLAS 30 0 9512 670 00000182335

Internal Revenue Service
OGDEN, UT 84201

ELEANOR M GLASS
600 GOLONDRINA
ROSWELL NM 88201-1323002



Department of the Treasury
Internal Revenue Service
OGDEN, UT  84201

Notice Number:  CP 504
Notice Date:  01-10-2000

SSN/EIN:   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
Caller ID:   711896

**Backup withholding could apply! If you don't pay the amount due, those who pay you interest and dividends could be required to withhold 31% from those payments.**

ELEANOR M GLASS
600 GOLONDRINA
ROSWELL   NM   88201-1323002



*450382901101*

## Urgent !!
**We intend to levy on certain assets.  Please respond NOW.**
**(To avoid additional late payment penalty and interest, pay your overdue liability now.)**

Our records indicate that you haven't paid the amount you owe.  The law requires that you pay your tax at the time you file your return.  This is your notice, as required by Internal Revenue Code Section 6331(d), of our intent to levy (take) any state tax refunds that you may be entitled to if we don't receive your payment in full.  In addition, we will begin to search for other assets we may levy.  We can also file a Notice of Federal Tax Lien, if we haven't already done so.  **To prevent collection action, please pay the current balance now.**  If you've already paid, can't pay, or have arranged for an installment agreement, it is important that you **call us immediately** at the telephone number shown below.

### Account Summary

| Form: 1040A | Tax Period: 12-31-1994 |
|---|---|
| **Current Balance:** | **$78,861.80** |
| Includes: | |
| Penalty: | $5,149.44 |
| Interest: | $6,419.31 |
| Last Payment: | $0.00 |

Questions? Call us at    1-800-829-8815

See enclosed Publication 594 that explains your rights and responsibilities as a taxpayer.

Please mail this part with your payment, payable to United States Treasury.

Notice Number: CP 504
Notice Date:  01-10-2000

write on your check:

| 1040A | 12-31-1994 | 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 |
|---|---|---|

Amount Due:
$78,861.80

450382901 TK GLAS 30 0 9412 670 0000788618O

Internal Revenue Service
OGDEN, UT  84201

ELEANOR M GLASS
600 GOLONDRINA
ROSWELL   NM   88201-1323002

P 404 236 460                                    008624  199612  26-1

**Department of the Treasury**
**Internal Revenue Service**
**OGDEN, UT  84201**

Notice Number: CP 504
Notice Date: 10-04-1999

SSN/EIN: 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
Caller ID: 266946

Backup withholding could apply! If
you don't pay the amount due, those
who pay you interest and dividends
could be required to withhold 31%
from those payments.

||.||.||.||....||....||.|.|..||....|..||....||...||||.|

ELEANOR M GLASS
600 GOLONDRINA
ROSWELL  NM  88201-1323002

*450382901101*

# Urgent !!
## We intend to levy on certain assets. Please respond NOW.
### (To avoid additional late payment penalty and interest, pay your overdue liability now.)

Our records indicate that you haven't paid the amount you owe. The law requires that you pay your tax at the time you file your return. This is your notice, as required by Internal Revenue Code Section 6331(d), of our intent to levy (take) any state tax refunds that you may be entitled to if we don't receive your payment in full.  In addition, we will begin to search for other assets we may levy. We can also file a Notice of Federal Tax Lien, if we haven't already done so. **To prevent collection action, please pay the current balance now.** If you've already paid, can't pay, or have arranged for an installment agreement, it is important that you **call us immediately** at the telephone number shown below.

## Account Summary

| Form: 1040A | Tax Period: 12-31-1996 |
|---|---|

Current Balance:              $3,860.54
  Includes:
    Penalty:                    $229.43
    Interest:                   $244.27
    Last Payment:                 $0.00

Questions? Call us at   **1-800-829-8815**

See enclosed Publication 594 that explains
your rights and responsibilities as a taxpayer.

Please mail this part with your payment, payable to United States Treasury.

Notice Number:  CP 504
Notice Date:  10-04-1999

write on your check:

| 1040A | 12-31-1996 | 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 |
|---|---|---|

Amount Due:
$3,860.54

450382901 TK GLAS 30 0 9612 670 00000386054

Internal Revenue Service
OGDEN, UT  84201

ELEANOR M GLASS
600 GOLONDRINA
ROSWELL  NM  88201-1323002

P 904 236 961                        8625      199512   26-1

**Department of the Treasury**
**Internal Revenue Service**
**OGDEN, UT  84201**

Notice Number: CP 504
Notice Date: 10-04-1999

SSN/EIN:  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
Caller ID:  266946

Backup withholding could apply! If you don't pay the amount due, those who pay you interest and dividends could be required to withhold 31% from those payments.

I.II.II.II...I.II...I.II.I...II.....I...I.IIIIII....IIII.I

ELEANOR M GLASS
600 GOLONDRINA
ROSWELL   NM   88201-1323002



*450382901101*

# Urgent !!
### We intend to levy on certain assets.  Please respond NOW.
#### (To avoid additional late payment penalty and interest, pay your overdue liability now.)

Our records indicate that you haven't paid the amount you owe.  The law requires that you pay your tax at the time you file your return.  This is your notice, as required by Internal Revenue Code Section 6331(d), of our intent to levy (take) any state tax refunds that you may be entitled to if we don't receive your payment in full.  In addition, we will begin to search for other assets we may levy.  We can also file a Notice of Federal Tax Lien, if we haven't already done so.  **To prevent collection action, please pay the current balance now.**  If you've already paid, can't pay, or have arranged for an installment agreement, it is important that you **call us immediately** at the telephone number shown below.

### Account Summary

| Form: 1040A | Tax Period: 12-31-1995 |
|---|---|
| **Current Balance:** | **$1,758.64** |
| Includes: | |
| Penalty: | $100.48 |
| Interest: | $111.55 |
| Last Payment: | $0.00 |

Questions? Call us at   **1-800-829-8815**

See enclosed Publication 594 that explains your rights and responsibilities as a taxpayer.

Please mail this part with your payment, payable to United States Treasury.

Notice Number: CP 504
Notice Date: 10-04-1999

*write on your check:*

| 1040A | 12-31-1995 | 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 |
|---|---|---|

| **Amount Due:** |
|---|
| **$1,758.64** |

450382901 TK GLAS 30 0 9512 670 00000175864

**Internal Revenue Service**
**OGDEN, UT   84201**

ELEANOR M GLASS
600 GOLONDRINA
ROSWELL   NM   88201-1323002

Department of the Treasury
Internal Revenue Service
OGDEN, UT  84201

**Notice Number:** CP 504
**Notice Date:** 10-04-1999

**SSN/EIN:** 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
**Caller ID:** 266946

Backup withholding could apply! If
you don't pay the amount due, those
who pay you interest and dividends
could be required to withhold 31%
from those payments.

I.I.I.I.II.I....I.II....II.I.I...II.....I...I.IIII.II....IIII.I

ELEANOR M GLASS
600 GOLONDRINA
ROSWELL  NM  88201-1323002

*450382901101*

# Urgent !!
## We intend to levy on certain assets. Please respond NOW.
(To avoid additional late payment penalty and interest, pay your overdue liability now.)

Our records indicate that you haven't paid the amount you owe. The law requires that you pay your tax at the
time you file your return. This is your notice, as required by Internal Revenue Code Section 6331(d), of our
intent to levy (take) any state tax refunds that you may be entitled to if we don't receive your payment in
full. In addition, we will begin to search for other assets we may levy. We can also file a Notice of Federal
Tax Lien, if we haven't already done so. **To prevent collection action, please pay the current balance
now.** If you've already paid, can't pay, or have arranged for an installment agreement, it is important that you
**call us immediately** at the telephone number shown below.

### Account Summary

| Form: 1040A | Tax Period: 12-31-1994 |
|---|---|
| Current Balance: | $76,151.23 |
| Includes: | |
| Penalty: | $4,005.12 |
| Interest: | $4,853.06 |
| Last Payment: | $0.00 |

Questions? Call us at  **1-800-829-8815**

See enclosed Publication 594 that explains
your rights and responsibilities as a taxpayer.

Please mail this part with your payment, payable to United States Treasury.

**Notice Number:** CP 504
**Notice Date:** 10-04-1999

*write on your check:*

| 1040A | 12-31-1994 | 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 |
|---|---|---|

| Amount Due: |
|---|
| $76,151.23 |

450382901 TK GLAS 30 0 9412 670 00007615123

Internal Revenue Service
OGDEN, UT  84201

ELEANOR M GLASS
600 GOLONDRINA
ROSWELL  NM  88201-1323002

Department of the Treasury
Internal Revenue Service
OGDEN, UT 84201

*Received 1-30-99*

Notice Number: CP 504

Notice Date: 07-26-1999

**SSN/EIN:** 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
**Caller ID:** 266946



Backup withholding could apply! If you don't pay the amount due, those who pay you interest and dividends could be required to withhold 31% from those payments.

ELEANOR M GLASS
600 GOLONDRINA
ROSWELL   NM   88201-1323002

*450382901101*

# Urgent !!
### We intend to levy on certain assets. Please respond NOW.
(To avoid additional late payment penalty and interest, pay your overdue liability now.)

Our records indicate that you haven't paid the amount you owe. The law requires that you pay your tax at the time you file your return. This is your notice, as required by Internal Revenue Code Section 6331(d), of our intent to levy (take) any state tax refunds that you may be entitled to if we don't receive your payment in full. In addition, we will begin to search for other assets we may levy. We can also file a Notice of Federal Tax Lien, if we haven't already done so. **To prevent collection action, please pay the current balance now.** If you've already paid, can't pay, or have arranged for an installment agreement, it is important that you **call us immediately** at the telephone number shown below.

### Account Summary

| Form: 1040A | Tax Period: 12-31-1996 |
|---|---|
| **Current Balance:** | **$3,761.55** |
| Includes: | |
| Penalty: | $185.73 |
| Interest: | $188.98 |
| Last Payment: | $0.00 |

**Questions? Call us at   1-800-829-8815**

See enclosed Publication 594 that explains your rights and responsibilities as a taxpayer.

Please mail this part with your payment, payable to United States Treasury.

Notice Number: CP 504
Notice Date:  07-26-1999

*write on your check:*

| 1040A | 12-31-1996 | 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 |

Amount Due:
$3,761.55

450382901 TK GLAS 30 0 9612 670 00000376155

Internal Revenue Service
OGDEN, UT  84201

ELEANOR M GLASS
600 GOLONDRINA
ROSWELL   NM   88201-1323002

Department of the Treasury
Internal Revenue Service
OGDEN, UT  84201

*Received 7-30-99*

241

Notice Number: CP 504
Notice Date:  07-26-1999

SSN/EIN:   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
Caller ID:  266946

Backup withholding could apply! If
you don't pay the amount due, those
who pay you interest and dividends
could be required to withhold 31%
from those payments.

ELEANOR M GLASS
600 GOLONDRINA
ROSWELL  NM   88201-1323002

*450382901101*

# Urgent !!
### We intend to levy on certain assets.  Please respond NOW.
#### (To avoid additional late payment penalty and interest, pay your overdue liability now.)

Our records indicate that you haven't paid the amount you owe.  The law requires that you pay your tax at the time you file your return.  This is your notice, as required by Internal Revenue Code Section 6331(d), of our intent to levy (take) any state tax refunds that you may be entitled to if we don't receive your payment in full.  In addition, we will begin to search for other assets we may levy.  We can also file a Notice of Federal Tax Lien, if we haven't already done so.  **To prevent collection action, please pay the current balance now.**  If you've already paid, can't pay, or have arranged for an installment agreement, it is important that you **call us immediately** at the telephone number shown below.

## Account Summary

| Form: 1040A | Tax Period: 12-31-1995 |
|---|---|
| Current Balance: | $1,704.69 |
| Includes: | |
| Penalty: | $71.77 |
| Interest: | $86.31 |
| Last Payment: | $0.00 |

Questions? Call us at   1-800-829-8815

See enclosed Publication 594 that explains
your rights and responsibilities as a taxpayer.

Please mail this part with your payment, payable to United States Treasury.

Notice Number: CP 504
Notice Date:  07-26-1999

*write on your check:*

| 1040A | 12-31-1995 | 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 |
|---|---|---|

Amount Due:
$1,704.69

450382901 TK GLAS 30 0 9512 670 00000170469

Internal Revenue Service
OGDEN, UT  84201

ELEANOR M GLASS
600 GOLONDRINA
ROSWELL   NM   88201-1323002

Department of the Treasury
Internal Revenue Service
OGDEN, UT  84201

Received
7-30-99

Notice Number: CP 504
Notice Date: 07-26-1999

SSN/EIN:  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
Caller ID:  266946

Backup withholding could apply! If you don't pay the amount due, those who pay you interest and dividends could be required to withhold 31% from those payments.

ELEANOR M GLASS
600 GOLONDRINA
ROSWELL  NM  88201-1323002

*450382901101*

# Urgent !!

## We intend to levy on certain assets.  Please respond NOW.

### (To avoid additional late payment penalty and interest, pay your overdue liability now.)

Our records indicate that you haven't paid the amount you owe.  The law requires that you pay your tax at the time you file your return.  This is your notice, as required by Internal Revenue Code Section 6331(d), of our intent to levy on (take) any state tax refunds that you may be entitled to if we don't receive your payment in full.  In addition, we will begin to search for other assets we may levy.  We can also file a Notice of Federal Tax Lien, if we haven't already done so.  **To prevent collection action, please pay the current balance now.**  If you've already paid, can't pay, or have arranged for an installment agreement, it is important that you **call us immediately** at the telephone number shown below.

## Account Summary

| Form: 1040A | Tax Period: 12-31-1994 |
|---|---|

| Current Balance: | $73,908.58 |
|---|---|
| Includes: | |
| Penalty: | $2,860.80 |
| Interest: | $3,754.73 |
| Last Payment: | $0.00 |

Questions? Call us at   1-800-829-8815

See enclosed Publication 594 that explains your rights and responsibilities as a taxpayer.

Please mail this part with your payment, payable to United States Treasury.

Notice Number: CP 504
Notice Date:  07-26-1999

write on your check:

| 1040A | 12-31-1994 | 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 |
|---|---|---|

Amount Due:
$73,908.58

450382901 TK GLAS 30 0 9412 670 00007390858

Internal Revenue Service
OGDEN, UT  84201

ELEANOR M GLASS
600 GOLONDRINA
ROSWELL  NM  88201-1323002

**IRS** Department of the Treasury
Internal Revenue Service
OGDEN, UT  84201-0030

Notice Number: CP 504
Notice Date:  07-14-2003

**SSN/EIN:**  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
**Caller ID:**  531773

7178 2665 9398 1715 8229

**Backup withholding could apply! If you don't pay the amount due, those who pay you interest and dividends could be required to withhold 31% from those payments.**

ELEANOR M GLASS
600 GOLONDRINA
ROSWELL   NM   88201-1323002



*450382901101*

# Urgent !!

### We intend to levy on certain assets. Please respond NOW.
### (To avoid additional penalty and interest, pay the amount you owe within ten days from the date of this notice.)

Our records indicate that you haven't paid the amount you owe.  The law requires that you pay your tax at the time you file your return.  This is your notice, as required by Internal Revenue Code Section 6331(d), of our intent to levy (take) any state tax refunds that you may be entitled to if we don't receive your payment in full.  In addition, we will begin to search for other assets we may levy.  We can also file a Notice of Federal Tax Lien, if we haven't already done so. **To prevent collection action, please pay the current balance now.**  If you've already paid, can't pay, or have arranged for an installment agreement, it is important that you **call us immediately** at the telephone number shown below.

### Account Summary

| Form: 1040A | Tax Period: 12-31-1996 |
|---|---|

Current Balance:          $5,099.63
Includes:
  Penalty:                  $338.68
  Interest:               $1,374.11
  Last Payment:               $0.00

For information on your penalty & interest computations, you may call 1-800-829-0922

Questions?  Call us at  **1-800-829-0922**

See the enclosed Publication 594, The IRS Collection Process, and Notice 1219B, Notice of Potential Third Party Contact, for additional information.

Please mail this part with your payment, payable to United States Treasury.

Notice Number: CP 504
Notice Date: 07-14-2003

*write on your check:*

| 1040A | 12-31-1996 | 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 |
|---|---|---|

Amount Due:
$5,099.63

Internal Revenue Service
OGDEN, UT   84201-0030

ELEANOR M GLASS
600 GOLONDRINA
ROSWELL   NM   88201-1323002

450382901 TK GLAS 30 0 199612 670 00000509963

# ATTACHMENT

# 4

# FINAL NOTICE

42 AA

**Department of the Treasury**
**Internal Revenue Service**
AUTOMATED COLLECTION SYSTEM SUPPORT
PO BOX 24017
FRESNO, CA 93779-4017

7103 7872 8500 2596 4732

Date:
**JUNE 22, 2005**

Taxpayer Identification Number:
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    N 00

Caller ID:    278004

Contact Telephone Number:
TOLL FREE:  1-800-829-7650
BEST TIME TO CALL:
MON - FRI  8:00 AM TO 8:00 PM
ASISTENCIA EN ESPANOL 1-800-829-7650

ELEANOR M GLASS
600 GOLONDRINA
ROSWELL  NM  88201-1323002

## CALL IMMEDIATELY TO PREVENT PROPERTY LOSS
## FINAL NOTICE OF INTENT TO LEVY AND NOTICE OF YOUR RIGHT TO A HEARING

### WHY WE ARE SENDING YOU THIS LETTER

We've written to you before asking you to contact us about your overdue taxes. You haven't responded or paid the amounts you owe. We encourage you to call us immediately at the telephone number listed above to discuss your options for paying these amounts. If you act promptly, we can resolve this matter without taking and selling your property to collect what you owe.

We are authorized to collect overdue taxes by taking, which is called levying, property or rights to property and selling them if necessary. Property includes bank accounts, wages, real estate commissions, business assets, cars and other income and assets.

### WHAT YOU SHOULD DO

This is your notice, as required under Internal Revenue Code sections 6330 and 6331, that we intend to levy on your property or your rights to property 30 days after the date of this letter unless you take one of these actions:
.    Pay the full amount you owe, shown on the back of this letter. When doing so,
    .    Please make your check or money order payable to the United States Treasury;
    .    Write your social security number and the tax year or employer identification number and the tax period on your payment; and enclose a copy of this letter with your payment.
.    Make payment arrangements, such as an installment agreement that allows you to pay off your debt over time.
.    Appeal the intended levy on your property by requesting a Collection Due Process hearing within 30 days from the date of this letter.

### WHAT TO DO IF YOU DISAGREE

If you've paid already or think we haven't credited a payment to your account, please send us proof of that payment. You may also appeal our intended actions as described above.

Even if you request a hearing, please note that we can still file a Notice of Federal Tax Lien at any time to protect the government's interest. A lien is a public notice that tells your creditors that the government has a right to your current assets and any assets you acquire after we file the lien.

We've enclosed two publications that explain how we collect past due taxes and your collection appeal rights, as required under Internal Revenue Code sections 6330 and 6331. In addition, we've enclosed a form that you can use to request a Collection Due Process hearing.

We look forward to hearing from you immediately, and hope to assist you in fulfilling your responsibility as a taxpayer.

Enclosures: Copy of letter, Form 12153, Publication 594, Publication 1660, Envelope


*450382901103*

Automated Collection System

Letter 1058 (Rev. 05-2002)(LT-11)

07 1077

**FILED**

JUN 1 5 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

703 568 000

294

**Date:**
**JUNE 11, 2000**

**Taxpayer Identifying Number:**
**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    0 00**

**Contact Telephone Number:**
**1-800-829-7650**
**MONDAY - FRIDAY:  8:00 AM - 8:00 PM**

ELEANOR M GLASS
600 GOLONDRINA
ROSWELL  NM  88201-1323002

Department of the Treasury
Internal Revenue Service
AUTOMATED COLLECTION SYSTEM
P.O. BOX 9048
OGDEN, UT 84409

## Final Notice - Notice of Intent to Levy and Notice of Your Right to a Hearing
## Please Respond Immediately

You have not paid your federal tax.  We previously asked you to pay but we still haven't received full payment.  This letter is your notice of our intent to levy under Internal Revenue Code Section (IRC) 6331 and your notice of a right to receive Appeals consideration under IRC 6330.  PLEASE CALL US IMMEDIATELY at one of the telephone numbers shown above if you recently made a payment or can't pay the amount you owe.

We may file a Notice of Federal Tax Lien at any time to protect the government's interest.  A lien is public notice to your creditors that the government has a right to your interests in your current assets and assets you acquire after we file a lien.

If you don't pay this amount, make alternative arrangements to pay, or request Appeals consideration within 30 days from the date of this letter, we may take your property or rights to property such as real estate, automobiles, business assets, bank accounts, wages, commissions, and other income to collect the amount you owe.  See the enclosed Publication 594, Understanding the Collection Process, for additional information about this and see Publication 1660 which explains your right to a hearing.  The enclosed Form 12153 is used to request a hearing.

To prevent enforced collection actions, please send us full payment today for the amount you owe shown on the back of this letter.  Make your check or money order payable to the United States Treasury.  Write your social security number or employer identification number and the tax year on your payment.  Send your payment in the enclosed envelope with a copy of this letter.

*Scott Kilpatrick*

**Scott Kilpatrick**
Chief, Automated Collection Branch

Enclosures:
Copy of letter
Form 12153
Publication 594
Publication 1660
Envelope

*450382901103*

Letter 1058 (Rev. 01-1999)(LT-11)



**Department of the Treasury**
**Internal Revenue Service**
**OGDEN, UT  84201**

Notice Number:  CP 504 26-A
Notice Date:  11-30-1998

SSN/EIN:  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
Caller ID:  311943

Backup withholding could apply! If
you don't pay the amount due, those
who pay you interest and dividends
could be required to withhold 31%
from those payments

ldlldlllandlldlllanddldlllanddldllllanddllllandlllanddll

ELEANOR M GLASS
600 GOLONDRINA
ROSWELL   NM   88201-1323002



*450382901101*

# Final Notice !!

### We intend to levy. Please respond NOW.

### (To avoid additional penalty and interest, pay your overdue liability in full now.)

Our records indicate you haven't paid the amount you owe.  The law requires that you pay your tax at the time you file your return.  This is a formal notice of our intent to levy (take) your paycheck, bank account, auto, or other property if we don't receive your payment in full.  We can also file a Notice of Federal Tax Lien, if we haven't already done so.  **Please pay the current balance now.**  If you've already paid it, can't pay it, or have arranged for an installment agreement, it is important that you **call us immediately** at the telephone number shown below.

I hereby refute & Inval-
idate this unsigned pre-
sentment, without dishon
I do not owe this money.

All Rights Reserved, wit
out Prejudice, UCC 1-207

*Eleanor M Glass*

### Account Summary

| Form: 1040A | Tax Period: 12-31-1994 |
|---|---|
| Current Balance: | $67,603.46 |
| Includes: | |
| Penalty: | $0.00 |
| Interest: | $310.41 |
| Last Payment: | $0.00 |

See enclosed Publication 594 that explains
your rights and responsibilities as a taxpayer.

**Questions? Call us at   1-800-829-8815**

Please mail this part with your payment, payable to Internal Revenue Service.

Notice Number:  CP 504
Notice Date:  11-30-1998

write on your check:

| 1040A | 12-31-1994 | 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 |
|---|---|---|

Amount Due:
$67,603.46

450382901 TK GLAS 30 0 9412 670 00006760346

Internal Revenue Service
OGDEN, UT   84201

ELEANOR M GLASS
600 GOLONDRINA
ROSWELL   NM   88201-1323002



Department of the Treasury
Internal Revenue Service
OGDEN, UT 84201

**Notice Number:** CP 504 *291*

**Notice Date:** 11-30-1998

**SSN/EIN:** 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

**Caller ID:** 311943

Backup withholding could apply! If
you don't pay the amount due, those
who pay you interest and dividends
could be required to withhold 31%
from those payments

I.II.II.II....I..II....II.I.I....I....I.I.IIIIII....IIII.I

ELEANOR M GLASS
600 GOLONDRINA
ROSWELL  NM   88201-1323002



*450382901101*

# Final Notice !!

### We intend to levy. Please respond NOW.

**(To avoid additional penalty and interest, pay your overdue liability in full now.)**

Our records indicate you haven't paid the amount you owe. The law requires that you pay your tax at the time you file your return. This is a formal notice of our intent to levy (take) your paycheck, bank account, auto, or other property if we don't receive your payment in full. We can also file a Notice of Federal Tax Lien, if we haven't already done so. **Please pay the current balance now.** If you've already paid it, can't pay it, or have arranged for an installment agreement, it is important that you **call us immediately** at the telephone number shown below.

I hereby refute & Inval
idate this unsigned pre
sentment, without disho
I do not owe this money

All Rights Reserved, wi
out Prejudice, UCC 1-20

*Eleanor M Glass*

## Account Summary

| Form: 1040A | Tax Period: 12-31-1995 |
|---|---|
| Current Balance: | $1,553.75 |
| Includes: | |
| Penalty: | $0.00 |
| Interest: | $7.14 |
| Last Payment: | $0.00 |

**Questions? Call us at   1-800-829-8815**

See enclosed Publication 594 that explains
your rights and responsibilities as a taxpayer.

Please mail this part with your payment, payable to Internal Revenue Service.

Notice Number: CP 504
Notice Date:  11-30-1998

*write on your check:*

| 1040A | 12-31-1995 | 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 |
|---|---|---|

Amount Due:
    $1,553.75

450382901 TK GLAS 30 0 9512 670 00000155375

Internal Revenue Service
OGDEN, UT  84201

ELEANOR M GLASS
600 GOLONDRINA
ROSWELL  NM   88201-1323002

Department of the Treasury
Internal Revenue Service
OGDEN, UT 84201

Notice Number:  CP 504
Notice Date:   01-13-97   9-f
SSN/EIN:   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
Caller ID:   804565

I.II.I.II.I...I..II...II.I.I...II....I..I.IIII.II...II.IIII

ELEANOR M GLASS
600 GOLONDRINA
ROSWELL   NM   88201-1323002

*450382901101*

# <u>Final Notice !!</u>

## We intend to levy. Please respond NOW.

### (To avoid additional penalty and interest, pay your overdue tax in full today.)

Our records indicate you have not paid your overdue tax.  The law requires that you pay your tax at the time you file your return.  This is formal notice of our intent to <u>levy</u> (take) your paycheck, bank account, auto or other property if we do not receive your payment in full.  We can also file a Notice of Federal Tax Lien, if we have not already done so.

### PAY YOUR TAX TODAY
### Account Summary

| Form:  CIVPEN | Tax Period: 12-31-94 |
|---|---|
| Prior Balance: | $500.00 |
| Last Payment: | $0.00 |
| Penalty to date: | $0.00 |
| Interest to date: | $11.32 |
| New Balance: | $511.32 |

I hereby refute  & invalidate
this unsigned presentment,
without dishonor.  I do not
owe this money.

All Rights Reserved, Without
Prejudice, UCC 1-207

*Eleanor M Glass*

See enclosed Publication 594 that explains
your rights and responsibilities as a taxpayer.

Questions? Call us at   1-800-829-8815

✄ ———————————————————————————————————————————————

Please mail this part with your payment. payable to Internal Revenue Service

Notice Number:  CP 504
Notice Date:   01-13-97

*rite on our check:

| CIVPEN | 12-31-94 | 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 |
|---|---|---|

Amount Due:
$511.32

450382901 TK GLAS 55 0 9412 670 00000051132

Internal Revenue Service
OGDEN, UT 84201

ELEANOR M GLASS
600 GOLONDRINA
ROSWELL   NM   88201-1323002

# ATTACHMENT

# 5

# MISCELLANEOUS COLLECTION LETTERS

**Internal Revenue Service**
12600 W COLFAX AVE
LAKEWOOD, CO 80215-3733

**Department of the Treasury**

Letter Number: 3174 (P)

Letter Date:
09/23/2005
Social Security or
Employer Identification Number
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

ELEANOR M GLASS
600 GOLONDRINA
ROSWELL, NM 88201

IRS Employee to Contact:
MICHAEL J PRYOR
Employee Identification Number:
84-10124
Contact Telephone Number:
(303)231-5270

Although we previously sent you a notice of our intention to collect your unpaid tax through enforced collection, our records show that you still have not paid the amount you owe. Enforced collection may include placing a levy on your bank accounts, wages, receivables, commissions, etc. It could also involve seizing and selling your property, such as real estate, vehicles, or business assets.

To prevent collection action, please pay the amount you owe, now. Make your check or money order payable to the United States Treasury, and write your social security number or employer identification number on it. Send your payment to us in the enclosed envelope with a copy of this letter. The amount you owe is shown on the next page.

If you recently paid this or if you can't pay it, call as soon as you get this letter. Our telephone number is at the top of this letter. If you disagree with our taking enforcement action, you may be able to work out another solution. Speak to the person whose name appears at the top of this letter, or ask for that person's manager. If you do not agree with the results, you may fill out Form 9423, Collection Appeals Request, to ask for Appeals consideration.

The unpaid amount from prior notices may include tax, penalties, and interest you still owe. It also includes credits and payments we have received since our last notice to you.

**Interest - Internal Revenue Code Section 6601**
We charge interest when your tax is not paid on time. Interest is computed from the due date of your return (regardless of extensions) until paid in full or to the date of this notice.

Interest is also charged on penalties assessed on your account. Interest compounds daily except on underpaid estimated taxes for individuals or corporations.

**Paying Late - Internal Revenue Code Section 6651(a)(2)**
We charge a penalty when your tax is not paid on time. Initially, the penalty is ½% of the unpaid tax for each month or part of a month the tax was not paid.

If you have any questions about your account or would like a further detailed explanation of the penalty and interest charges on your account, please call me at the telephone number shown above.

Sincerely yours,

MICHAEL J PRYOR
REVENUE OFFICER

07 1077

FILED

JUN 1 5 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

WI
46-A

Department of the Treasury
Internal Revenue Service
**INTERNAL REVENUE SERVICE - ACS**
P.O. BOX 24017
FRESNO, CA. 93779

Date:
AUG. 11, 2003

Taxpayer Identifying Number:
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          00

Caller ID:                      278004

Contact Telephone Number:
1-800-829-7650
MONDAY - FRIDAY:  8:00 AM - 8:00 PM
BEST DAYS TO CALL: TUES. - THURS.

ELEANOR M GLASS
600 GOLONDRINA
ROSWELL  NM   88201-1323002

### Please Call Us About Your Overdue Taxes or Tax Returns

We have no record that you responded to our previous notices.  As a result, your account has been assigned to this office for enforcement action, which could include seizing your wages or property.  It's important that we hear from you within 10 days from the date of this letter.

IF YOU AREN'T ABLE TO PAY YOUR OVERDUE AMOUNT IN FULL, please call the telephone number listed above.  Be ready to tell us what your monthly income and expenses are so we can help you arrange a payment plan.

IF YOU CAN FILE YOUR RETURN WITH FULL PAYMENT, mail it to reach us within 10 days from the date of this letter.  IF YOU CAN'T FILE YOUR RETURN WITHIN 10 DAYS, please call one of the telephone numbers listed above.  To help us determine if you need to file, be ready to provide us with your filing information.  For an individual return, this should include your income, filing status, and total federal taxes withheld.  For a business return, this should include wages paid, number of employees, and FTDs made for payroll.

IF YOU WOULD LIKE SOMEONE ELSE to call us for you, we must have a signed statement from you allowing us to disclose your tax information to this person.  You should make your statement on Form 2848, Power of Attorney and Declaration of Representative, which you can get from any IRS office.  You must send us a copy of the completed form before your representative calls.

*Susan Meredith*

Operations Manager, Automated Collection System

Enclosures:
Copy of this letter
Envelope

*450382901103*

Letter 2050 (Rev 09-1992)(LT-16)

**IRS** Department of the Treasury
Internal Revenue Service
OGDEN, UT  84201-0030

Notice Number:  CP 503
Notice Date:  05-05-2003

SSN/EIN:  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
Caller ID:  531773

Backup withholding could apply! If
you don't pay the amount due, those
who pay you interest and dividends
could be required to withhold 31%
from those payments.



||I.II.III.II...I.I..II.I.II..III..I...II..I.III..III.

ELEANOR M GLASS
600 GOLONDRINA
ROSWELL  NM   88201-1323002

*450382901101*

# IMPORTANT
### Immediate action is required.

We previously wrote to you about your unpaid account, but you haven't contacted us about it.  Penalties and
interest on the unpaid balance are continuing to increase.  Please pay the amount you owe within ten days from
the date of this notice.  If you can't pay now, call us at the number shown below.  You may be qualified for an
installment agreement or payroll deduction agreement.  We want to help you resolve this bill.  However, if we
don't hear from you, we will have no choice but to proceed with steps required to collect the amount you owe.

If you already paid your balance in full or arranged for an installment agreement, please disregard this notice.

### Account Summary

| Form: 1040A | Tax Period: 12-31-1999 |
|---|---|

Current Balance:        $56,427.85
Includes:
  Penalty:              $160.44
  Interest:             $269.10
  Last Payment:         $0.00

For information on
your penalty & interest
computations, you may
call 1-800-829-0922

Questions?  call us at  **1-800-829-0922**

Please mail this part with your payment, payable to United States Treasury.

Notice Number:  CP 503
Notice Date:  05-05-2003

write on your check:

| 1040A | 12-31-1999 | 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 |
|---|---|---|

Amount Due:
    $56,427.85

Internal Revenue Service
OGDEN, UT  84201-0030

ELEANOR M GLASS
600 GOLONDRINA
ROSWELL  NM   88201-1323002

II.I.I.I.I.I.II.IIII.....IIII.II...I.II....I.II.

450382901 TK GLAS 30 0 199912 670 00005642785

DEPARTMENT OF THE TREASURY                    DATE OF THIS NOTICE: NOV. 28, 1999  CP 539
INTERNAL REVENUE SERVICE                      TAXPAYER IDENTIFYING NUMBER:  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
OGDEN, UT      84201                          FORM:  1040      TAX PERIOD:  12-31-1995


            [barcode]                               'FOR ASSISTANCE YOU MAY CALL US AT:


    ELEANOR M GLASS                             1-800-829-8815
    600 GOLONDRINA
    ROSWELL  NM   88201-1323002
                                               OR YOU MAY WRITE TO US AT THE
                                               ADDRESS SHOWN AT THE BOTTOM
                                               LEFT PART OF THIS NOTICE.  IF
                                               YOU WRITE, BE SURE TO ATTACH
                                               THE BOTTOM PORTION OF THIS
                                               NOTICE.

        BACKUP WITHHOLDING NOTIFICATION

     OUR RECORDS SHOW THAT YOU DID NOT REPORT ALL YOUR INCOME FROM
INTEREST, DIVIDENDS, OR PATRONAGE DIVIDENDS YOU RECEIVED FOR TAX YEAR 1995
OR THAT YOU DID NOT PAY THE TAX, PENALTY AND INTEREST YOU OWED ON THIS
INCOME ON TIME.  WE HAVE WRITTEN TO YOU BEFORE ABOUT THIS PROBLEM.

     YOU ARE NOW SUBJECT TO BACKUP WITHHOLDING.

     WE ARE INSTRUCTING ALL PAYERS OF DIVIDENDS AND INTEREST THAT WE HAVE
ON RECORD FOR YOU, TO BEGIN WITHHOLDING 31% OF THOSE PAYMENTS.  IF YOU OPEN
A NEW ACCOUNT WITH ANOTHER PAYER AND CERTIFY THAT YOU ARE NOT SUBJECT TO
BACKUP WITHHOLDING, YOU MAY BE SUBJECT TO A FINE OF $1000 AND UP TO ONE
YEAR IN PRISON.

     BACKUP WITHHOLDING WILL USUALLY REMAIN IN EFFECT UNTIL THE END OF THE
YEAR.  IN ORDER FOR BACKUP WITHHOLDING TO STOP BY JANUARY 1, 2001, YOU
MUST PAY ALL THE AMOUNTS YOU OWE, AND REPORT ALL THE INCOME, RELATED TO
BACKUP WITHHOLDING BY OCTOBER 15, 2000.  IF YOU DO NOT MEET THE OCTOBER 15
DATE, BACKUP WITHHOLDING WILL CONTINUE FOR THE FOLLOWING YEAR.

NOTES: (1) AT THE END OF EACH CALENDAR YEAR, YOUR PAYER(S) WILL GIVE YOU A
     FORM 1099 SHOWING THE AMOUNT OF BACKUP WITHHOLDING.  YOU MAY CLAIM
     THAT AMOUNT AS REGULAR INCOME TAX WITHHOLDING ON YOUR FEDERAL INCOME
     TAX RETURN.
       (2) HAVING AN INSTALLMENT AGREEMENT TO PAY OVERDUE TAXES WILL NOT
     AFFECT BACKUP WITHHOLDING.




KEEP THIS PART FOR YOUR RECORDS       * DETACH HERE *

SEND THIS PART WITH YOUR PAYMENT OR INQUIRY
PLEASE CORRECT ANY ERRORS IN YOUR NAME, ADDRESS OR IDENTIFYING NUMBER


                                    ELEANOR M GLASS
                                    600 GOLONDRINA
                                    ROSWELL  NM   88201-1323002

   450382901 TK GLAS 30 0 9512 000

            [barcode]


    INTERNAL REVENUE SERVICE               INT/DIV REF:        3,720  CP 539
    SERVICE CENTER COLLECTION BR           DATE OF THIS NOTICE:  11-28-1999
    OGDEN, UT      84201                   TAXPAYER TIN:  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
                                           FORM:1040 TAX PERIOD:  12-31-1995

                                           SECONDARY SSN:

                                           TELEPHONE:        BEST TIME TO CALL:
                                           HOME ( )

# Social Security Administration
# Retirement, Survivors, and Disability Insurance

45-F

Notice of Levy

Mid-America Program
Service Center
601 East Twelfth Street
Kansas City, Missouri 64106-2859
Date: October 19, 2005
Claim Number: 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 D7

ELEANOR M GLASS
600 GOLONDRINA
ROSWELL NM  88201-1323

We are writing to tell you that the Internal Revenue Service
(IRS) will take your Social Security payments of $1,188.00
beginning with the payment you receive around November 3, 2005
because owe back taxes to the Federal government.  The IRS calls
this action a Notice of Levy.

If you need more information or have any questions, please
contact your local IRS office.

Ramona Schuenemeyer
Assistant Regional Commissioner
Processing Center Operations

cc:  File//10-14-05

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

Eleanor M. Glass

88886

Chaves

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Eleanor M. Glass
600 Golondrina
Roswell, NM 88201
505-622-5778

## DEFENDANTS

United States Government

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

ATTORNEYS (IF KNOWN)

Case: 1:07-cv-01077
Assigned To : Huvelle, Ellen S.
Assign. Date : 6/15/2007
Description: Pro Se General Civil

JURY ACTION

## II. BASIS OF JURISDICTION

(PLACE an x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
◉ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**

☐ 410 Antitrust

**○ B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**○ E. General Civil (Other)**       OR       **◉ F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☒ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

②

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>   (criteria: race, gender/sex,<br>   national origin,<br>   discrimination, disability<br>   age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>   (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>   Student Loans<br>   (excluding veterans) |

| ○ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>   Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>   Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>   Employment<br>☐ 446 Americans w/Disabilities-<br>   Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>   Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>   Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>   (if Voting Rights Act) |

**V. ORIGIN**

○ **1 Original Proceeding**   ○ **2 Removed from State Court**   ○ **3 Remanded from Appellate Court**   ○ **4 Reinstated or Reopened**   ○ **5 Transferred from another district (specify)**   ○ **6 Multi district Litigation**   ○ **7 Appeal to District Judge from Mag. Judge**

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

Verified claim for damages pursuant 26 USC 7433

| **VII. REQUESTED IN COMPLAINT** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | **DEMAND $** _____ | Check YES only if demanded in complaint |
|---|---|---|---|
| | | **JURY DEMAND:** YES ☒  NO ☐ | |

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☒   NO ☒   If yes, please complete related case form.

DATE  *June 15, 2007*   **SIGNATURE OF ATTORNEY OF RECORD**  *Eleana M Glass*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.     COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.