IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELEANOR M. GLASS, | ) |
| | ) |
|     Plaintiff, | ) No. 1:07-cv-01077 (ESH) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES, | ) |
| | ) |
|     Defendant. | ) |

**UNITED STATES' MOTION TO DISMISS COMPLAINT**

    Defendant, the United States, moves pursuant to Fed. R. Civ. P. 12(b)(1) and (6) to dismiss plaintiff's complaint. As grounds for this motion, the defendant asserts that this Court lacks subject-matter jurisdiction over plaintiff's unauthorized collection claim since a majority of plaintiff's complaint appears to be challenging the underlying tax liability rather than any unauthorized collection. Specifically, counts 1-23, 27, and 30 should be dismissed as they are not related to any unauthorized collection activities. The United States has not waived its sovereign immunity over such damage claims. Further, as to the remaining counts (24, 25, 26, 26a,1/ 28, 29, 31), plaintiff has failed to state an unauthorized collection claim.

    A memorandum of points and authorities in support of this motion and a proposed order are submitted herewith.

---

    1/ Plaintiff's complaint includes two counts numbered 26. For ease of reference, the United States refers to the second count 26 as count 26a.

DATED: August 31, 2007.                    Respectfully submitted,

                                                                                            /s/ Beatriz T. Saiz
BEATRIZ T. SAIZ
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, DC 20044
Phone/Fax: (202) 307-6585/514-6866
Email: Beatriz T.Saiz@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELEANOR M. GLASS, | ) |
| | ) |
| Plaintiff, | ) No. 1:07-cv-01077 (ESH) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM IN SUPPORT OF UNITED STATES'
MOTION TO DISMISS CASE**

This is a civil action in which plaintiff alleges that the Internal Revenue Service disregarded various provisions of the Internal Revenue Code and regulations promulgated under the Code.  Plaintiff seeks damages for alleged unauthorized collection activities.

Plaintiff's complaint consists of 158 counts.  Only counts 1 through 32 include original allegations, the remaining counts are merely duplicates of the first 32 counts.  Plaintiff has repeated the sequence of counts 1 through 32 five times without any changes to the wording of each paragraph except for the numbering of the paragraphs.  As such, the United States will address only counts 1 through 32.

For the reasons set forth below, the Court cannot grant the requested relief.

**QUESTION PRESENTED**

Plaintiff seeks damages under 26 U.S.C. § 7433, which provides for damages for unauthorized collection activities. However, plaintiff seeks, in part, damages related to challenges of the underlying tax liability. For the remaining counts of the complaint, plaintiff makes generalized allegations without factual support. Should the Court dismiss plaintiff's complaint for lack of jurisdiction with regard to the counts pertaining to challenges of the underlying tax liability and for failure to state a claim upon which relief can be granted for the remaining counts?

**STATEMENT**

1. <u>Introduction & background</u>. Plaintiff, Eleanor Glass, filed this complaint on June 15, 2007, and served the United States Attorney for the District of Columbia and the United States Attorney General on June 25, 2007, and June 27, 2007, respectively. Plaintiff did not serve the Internal Revenue Service.

2. <u>Relief sought and allegations in the complaint</u>. The complaint seeks damages under 26 U.S.C. § 7433. (Compl., Remedy Sought, at 97.) Plaintiff has organized her complaint, as mentioned above, into 32 purported "counts" of alleged wrongdoing by the Internal Revenue Service. In each count, plaintiff makes no factual allegations, but merely restates the statutory language and asserts that the Internal Revenue Service failed to implement the statutes and regulations.1/

---

    1/ Plaintiff alleges that the Internal Revenue Service: disregarded certain record-keeping and procedural requirements (counts 1, 2); failed to prepare and execute substitutes for returns for him (counts 3-6); disregarded disclosure requirements (counts

# ARGUMENT

THIS COURT LACKS SUBJECT-MATTER JURISDICTION OVER DAMAGES CLAIM

Plaintiff purports to state a claim for damages against the United States (Compl. Remedy Sought). This Court does not have jurisdiction over counts 1-23, 27, and 30 of plaintiff's section 7433 claim because those counts of the complaint are merely an improper attempt to challenge the underlying tax liability.

Section 7433 authorizes damages for wrongful *collection* activities only. See, e.g., Buaiz v. United States, 471 F. Supp.2d 129, 137 (D.D.C. 2007) ("§ 7433 waives the United Sates' sovereign immunity only with respect to claims arising from the collection of income taxes") (citing cases); Arnett v. United States, 889 F. Supp. 1424, 1430 (D. Kan. 1995) (actions taken during assessment of tax under 26 U.S.C. § 6672 do not constitute collection activity for purposes of Section 7433); Sylvester v. United States, 978 F. Supp. 1186 (E.D. Wis. 1997) (allegation that IRS incorrectly computed Section 6672 liability was an error in assessment and not collection and therefore irrelevant to Section 7433 claim); Zolman v. IRS, 87 F. Supp.2d 763 (W.D. Mich. 1999) (mere assertion of improper assessment of tax liability, without more, is insufficient for Section 7433 claim). All allegations in plaintiff's complaint which involve *non-collection* activities are not

---

7, 8); forced him to use social security numbers (count 9); failed to comply with assessment procedures (counts 10-16); failed to state amount and basis of liability (counts 18, 19, 21, 23); failed to send required notices (counts 17, 24, 25); failed to verify that supervisor approved each liability determination (counts 20, 27); for conducting an audit (count 22); failed to comply with section 6304 which prohibits harassing taxpayers (count 26); failed to provide a due process hearing (counts 26a); failing to provide a mediation (counts 28, 29); and improperly asserted tax liens (counts 30, 31).

cognizant under section 7433, and must be dismissed.

### THE COURT SHOULD DISMISS PLAINTIFF'S CLAIM FOR DAMAGES FOR FAILURE TO STATE A CLAIM.

Plaintiff attempts to state a claim for damages under 26 U.S.C. § 7433. (Compl., Remedy Sought, at 97.) Plaintiff's complaint is legally insufficient because it fails to provide the necessary factual detail to state a claim, and should be dismissed under Fed. R. Civ. P. 12(b)(6). A complaint need only set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The complaint must give "fair notice of the basis for . . . claims and the grounds upon which they rest." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 507 (2002). Plaintiff's complaint, however, merely restates the statutory language and alleges no facts to support a claim for damages. Since plaintiff's compliant fails to provide either notice of the basis of his claims or the grounds upon which they rest, this court should conclude that plaintiff has not, in fact or law, stated a claim. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007).

Plaintiff alleges only seven counts that relate to collection activities, counts 24-26a, 28, 29, and 31. These seven counts allege that the Internal Revenue Service: 1) failed to send plaintiff a 30 day letter (count 24); 2) failed to notify her of her right to a collection due process hearing (count 25); 3) engaged in harassing conduct (count 26); 4) failed to hold a collection due process hearing (count 26a); 5) failed to hold mediation (counts 28, 29); and 6) asserted a lien in violation of the Uniform Federal Tax Registration Act (count 31). Plaintiff's allegations, each of which is discussed below,

4

have no factual support whatsoever which set forth the basis of her claim. Thus, these allegations fail to state a claim.

First, plaintiff alleges that the Internal Revenue Service issued a notice of levy without first properly notifying the plaintiff. (counts 24). The Internal Revenue Service must give a taxpayer a notice and demand for payment at least 30 days before it can levy. 26 U.S.C. § 6331(d)(2). Plaintiff has provided no basis for her allegations and has provided no information from which this Court can conclude that she is entitled to relief. But plaintiff's exhibit 1 includes two Letters 1058 which specifically state that plaintiff was previously contacted about her overdue taxes and that she failed to respond or to pay the taxes. Further, the notice of Federal tax lien (Form 668) attached as exhibit 2 itself asserts that demand for payment was made. Form 668 states: "Demand for payment of this liability has been made, but it remains unpaid." See Ex. 2. Thus, Form 668 also demonstrates that demand was made. And, if demand was made, notice was given. "[N]otice and demand are inextricably coupled." United States v. Lorson Electric Co., 480 F.2d 554, 556 (2d Cir. 1973). Accordingly, plaintiff's allegations that she did not receive proper notices and that the notices of levies were issued without proper notice and demand for payment have no merit.

Second, plaintiff alleges that the Internal Revenue Service failed to give her notice of a right to a due process hearing (count 25). Section 6330(a) provides for a 30-day notice of the right to a hearing before levy. Section 6330(a) states that "[n]o levy may be made on any property or right to property of any person unless the Secretary

has notified such person in writing of his right to a hearing . . . not less than 30 days before the day of the first levy." 26 U.S.C. § 6330(a).

Here, plaintiff has not alleged sufficient facts to determine whether she is entitled to relief under section 6330. But as indicated above, both Exhibits 1 and 2 attached to plaintiff's complaint indicate that she was in fact provided with the appropriate notices. In fact, the second Letter 1058 attached to Exhibit 1 informs plaintiff of her right to a hearing.

Third, plaintiff alleges that the Internal Revenue Service engaged in harassing conduct (count 26). Section 6304(b) states that "[t]he Secretary may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any unpaid tax." 26 U.S.C. § 6304(b). Again, plaintiff merely recites the statutory language, without providing any information about the conduct of the Internal Revenue Service and how that conduct is cognizable under the statute.

Fourth, plaintiff alleges that the Internal Revenue Service failed to hold a hearing pursuant to section 6330 of the Internal Revenue Code, and that the Internal Revenue Service failed to provide plaintiff with mediation prior to issuing the notices of levies or the notices of Federal tax liens (counts 20, 28, 29). Section 6330(a) provides for a 30-day notice of the right to a hearing before levy. Section 6330(a) states that "[n]o levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of his right to a hearing . . . not less than 30 days before

the day of the first levy." 26 U.S.C. § 6330(a).

Here, plaintiff has not alleged sufficient facts to determine whether she is entitled to relief under section 6330. Plaintiff alleges that notices of levies have been issued and attaches copies of these notices as Exhibit 1. As mentioned above, plaintiff was provided notification of her right to a hearing, but it is impossible to determine whether plaintiff failed to request a hearing. Further, plaintiff has not established that she has any right to mediation and that a failure to provide any mediation is actionable under section 7433.

Finally, plaintiff alleges that the Internal Revenue Service recorded its lien in violation of the Uniform Tax Lien Registration Act as incorporated by the State of New Mexico (count 31). Section § 6323(f) sets forth the requirements for filing a notice of Federal tax lien, which does not require any type of certification. "It is well settled that the form and content of a notice of federal tax lien are controlled by federal, not state, law." Spahr v. United States, –- F. Supp.2d–-, 2007 WL 2332313 *4 (D.D.C. Aug. 17, 2007) (citations omitted). Federal law requires that a notice of tax lien against property be filed "in the office with the State . . . as designated by the laws of such State, in which the property subject to the lien is situated." 26 U.S.C. § 6323(f)(1). The notice of Federal tax lien must be filed on "Form 668, Notice of Federal Tax Lien." 26 C.F.R. § 301.6323(f)-1(d)(1). The Form 668 must identify the taxpayer, the tax liability, and the date of the assessment. Id. at § 301.6323(f)-1(d)(2).

Here, the notice of federal tax lien against plaintiff was properly filed with the County Clerk, Chaves County in Roswell, New Mexico on Form 668. The lien identified plaintiff as the taxpayer, the tax liability for years 1994, 1995, 1996, and 1999, and the date of assessment. See Ex. 2. Plaintiff has not alleged what was improper about the notice of lien. It appears that the lien notice was filed in the proper place, on the proper form and provided the required information; and thus met all the requirements of section 6323.

Based on the discussion above, plaintiff's allegations that the Internal Revenue Service engaged in unauthorized collection activities have no merit. In none of the allegations has the plaintiff provided any information whatsoever to demonstrate her right to relief. Accordingly, she has failed to state a claim, and this Court should dismiss her complaint. Bell Atlantic Corp. v. Twombly, 127 S. Ct. at 1964-65.

## CONCLUSION

Plaintiff's claims which do not allege collection activities must be dismissed for lack of jurisdiction. The remaining allegations that purport to allege collection activities are completely devoid of fact or information from which the Court can conclude that plaintiff is entitled to relief under section 7433. Thus, these claims must be dismissed for failure to state a claim for which relief can be granted.

DATED: August 31, 2007.                Respectfully submitted,


                                       /s/ Beatriz T. Saiz
                                       BEATRIZ T. SAIZ
                                       Trial Attorney, Tax Division
                                       U.S. Department of Justice
                                       P.O. Box 227
                                       Ben Franklin Station
                                       Washington, DC 20044
                                       Phone/Fax: (202) 307-6585/514-6866
                                       Email: Beatriz T.Saiz@usdoj.gov


OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELEANOR M. GLASS, | ) |
| | ) |
| Plaintiff, | ) No. 1:07-cv-01077 (ESH) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Having considered the UNITED STATES' MOTION TO DISMISS, the supporting memorandum of points and authorities, any opposition and reply thereto, and the entire record of this proceeding, it is by the Court

ORDERED that the motion is GRANTED;

ORDERED that this action be, and is, DISMISSED; and it is further

ORDERED that the Clerk shall distribute copies of this order to the persons listed below.

SO ORDERED this ____ day of _____ 200____.


_____
UNITED STATES DISTRICT JUDGE

Copies to:

Beatriz T. Saiz
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044

Eleanor M. Glass
600 Golondrina Drive
Roswell, NM 88201

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELEANOR M. GLASS, | ) |
| | ) |
| Plaintiff, | ) No. 1:07-cv-01077 (ESH) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

**CERTIFICATE OF SERVICE**

IT IS CERTIFIED that the foregoing UNITED STATES' MOTION TO DISMISS, supporting MEMORANDUM, and proposed ORDER were served upon the following individual(s) on August 31, 2007, by sending a copy by First Class mail, postage prepaid, addressed as follows:

       Eleanor M. Glass
       600 Golondrina Drive
       Roswell, NM 88201

         /s/ Beatriz T. Saiz
        BEATRIZ T. SAIZ