IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELEANOR M. GLASS,            )<br>          Plaintiff,                  ) | No. 1:07-cv-01077 (ESH) |
| v.                                        ) | |
| UNITED STATES,                 )<br>          Defendant.                ) | |

## UNITED STATES' MOTION TO DISMISS PETITION TO QUASH

Under Fed. R. Civ. P. 12(b)(1) the United States respectfully requests that the Court dismiss this action. As grounds for this motion, the United States asserts that this Court lacks subject-matter jurisdiction over plaintiff's petition to quash as the relief sought by the plaintiff (an order quashing all liens, levies, and other demands) is barred by the Anti-Injunction Act and the Declaratory Judgment Act.

A supporting memorandum of law and proposed order are filed with this motion.

DATED: October 22, 2007

                                                                                                       Respectfully submitted,

                                                                        /s/ Beatriz T. Saiz
                                                                        BEATRIZ T. SAIZ
                                                                        Trial Attorney, Tax Division
                                                                        U.S. Department of Justice
                                                                        P.O. Box 227
                                                                        Ben Franklin Station
                                                                        Washington, DC 20044
                                                                        Phone/Fax: (202) 307-6585/514-6866
                                                                        Email: Beatriz T.Saiz@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELEANOR M. GLASS, )| |
|     Plaintiff, ) | No. 1:07-cv-01077 (ESH) |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES, ) | |
|     Defendant. ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF UNITED STATES' MOTION TO DISMISS**

The relief plaintiff requests in her complaint is an order enjoining the Internal Revenue Service from engaging in further collection activity (Pet. to Quash p. 2.) Specifically, plaintiff seeks an order quashing all administrative liens, levies and other demand. (Pet. to Quash p. 2.) Further, plaintiff seeks an order from the Court declaring that administrative liens and levies are mere requests if not accompanied by a court order. (Pet. to Quash p. 1.) The Court cannot grant the requested relief.

Plaintiff's Requests for Injunctive Relief and Declaratory Relief Are Barred by
Declaratory Judgment Act and the Anti-injunction Act

Plaintiff seeks an order enjoining the Internal Revenue Service from engaging in any further collection activities. (Pet. to Quash p. 2.) Such injunctive relief is barred by the Anti-Injunction Act (26 U.S.C. § 7421). Plaintiff's petition also requests declaratory relief. (Pet. to Quash p. 1.) Such declaratory relief is barred by the Declaratory Judgment Act (28 U.S.C. § 2201).

Since "the Anti-Injunction Act and the Declaratory Judgment Act operate coterminously, the . . . analysis of the impact of the Anti-Injunction Act . . . also

determines the effect of the Declaratory Judgment Act." National Taxpayers Union v. United States, 68 F.3d 1428, 1435 (D.C. Cir. 1995). Thus, the United States relies on its analysis of the Anti-injunction Act to support its argument that both plaintiff's requests for injunctive relief and declaratory relief are barred.

The Anti-Injunction Act specifies that no court shall exercise jurisdiction over a suit for the "purpose of restraining the assessment or collection of any tax," as is the patent purpose of plaintiff's claim. See 26 U.S.C. § 7421(a). Thus, the Act precludes this Court from exercising jurisdiction over any action, such as this one, which seeks to enjoin the collection of taxes. See Foodservice & Lodging Institute, Inc. v. Reagan, 809 F.2d 842, 844-45 (D.C. Cir. 1987); American Federation of Gov't Employees, AFL-CIO v. United States, 660 F. Supp. 12, 13 (D.D.C. 1987).

Although the Supreme Court has recognized a narrow, judicial exception to § 7421, the exception is inapplicable to the present case. In Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962), the Supreme Court decided that the Anti-Injunction Act would not apply (1) if, when the facts and law are examined in the light most favorable to the government, under no circumstances could the government prevail, and (2) equity jurisdiction otherwise existed. See Flynn v. United States, 786 F.2d 586, 589 (3d Cir. 1986). The burden is on the plaintiff to demonstrate that her suit falls within the purview of the judicially-created exception to the Anti-Injunction Act. Bowers v. United States, 423 F.2d 1207, 1208 (5th Cir. 1970).

Plaintiff cannot demonstrate that under the circumstances of this case, the

government could never prevail. In fact, plaintiff solely relies on frivolous tax-protestor arguments which should be summarily rejected by the Court.

Further, plaintiff has failed to demonstrate the existence of equitable jurisdiction. Plaintiff must show that there is irreparable injury and inadequacy of legal remedies. See Foodservice & Lodging Institute, 809 F.2d at 844-45; Flynn, 766 F.2d at 598. In certain situations, plaintiff can temporarily forestall collection — which is the ultimate relief she requests— by requesting a "collection due process hearing" with the Internal Revenue Service. See 26 U.S.C. § 6330. Moreover, she can fully pay the taxes and then file a claim for refund. Because the Internal Revenue Code provides administrative procedures by which she can obtain relief, there is no equitable jurisdiction. Accordingly, the second prong of the Enoch test fails.

In sum, this Court lacks jurisdiction over plaintiff's request for injunctive relief and declaratory relief. Plaintiff has not established the extraordinary circumstances that may justify issuing an injunction or declaratory relief. Thus, the Court should dismiss this case.

## CONCLUSION

This Court does not have subject-matter jurisdiction over plaintiff's petition to quash. The Anti-Injunction Act prohibits an injunction against the further collection of plaintiff's taxes. Further, plaintiff can not obtain declaratory relief with respect to Federal taxes.

DATED: October 22, 2007

Respectfully submitted,

/s/ Beatriz T. Saiz
BEATRIZ T. SAIZ
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, DC 20044
Phone/Fax: (202) 307-6585/514-6866
Email: Beatriz T.Saiz@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELEANOR M. GLASS,              )<br>         Plaintiff,                        ) | No. 1:07-cv-01077 (ESH) |
| v.                                         ) | |
| UNITED STATES,                  )<br>         Defendant.                   ) | |

## ORDER

Having considered the UNITED STATES' MOTION TO DISMISS PETITION TO QUASH, the supporting memorandum of points and authorities, any opposition and reply thereto, and the entire record of this proceeding, it is by the Court

ORDERED that the motion is GRANTED;

ORDERED that this action be, and is, DISMISSED; and it is further

ORDERED that the Clerk shall distribute copies of this order to the persons listed below.

SO ORDERED this ____ day of _____ 200____.


_____
UNITED STATES DISTRICT JUDGE

Copies to:

Beatriz T. Saiz
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044

Eleanor M. Glass
600 Golondrina Drive
Roswell, NM 88201

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELEANOR M. GLASS,                )
                                 )
        Plaintiff,               )  No. 1:07-cv-01077 (ESH)
                                 )
    v.                           )
                                 )
UNITED STATES,                   )
                                 )
        Defendant.               )

## CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing UNITED STATES' MOTION TO DISMISS PETITION TO QUASH, supporting MEMORANDUM, and proposed ORDER were served upon the following individual(s) on October 22, 2007, by sending a copy by First Class mail, postage prepaid, addressed as follows:

> Eleanor M. Glass
> 600 Golondrina Drive
> Roswell, NM 88201

       /s/ Beatriz T. Saiz
    BEATRIZ T. SAIZ