UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
NOV 0 1 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Eleanor M. Glass

    Plaintiff(s),

v.

United States Government

    Defendant.

Case No. 1:07-cv-01077

RESPONSE TO MOTION TO DISMISS

Plaintiff submits this response to defendants' motion to dismiss.

Defendant argues that the court does not have jursdicion pursuant to the anit-injunction act and the declaratory judgments act. As pointed out in plaintiff's memorandum the 2nd Circuit Court of Appeals has already ruled on this issue. Defendants' motion to dismiss does not dispute the holding in *Shults*. This Court has jurisdiction to confirm the holding of the 2nd Circuit Court of Appeals .This holding is controlling in this matter.

*Schulz v. IRS*, 04-0196
UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
PER CURIAM

In May and June 2003 defendant-appellee, the Internal Revenue Service ("IRS"), served plaintiff-appellant, Robert L. Schulz, with a series of administrative summonses seeking testimony and documents in connection with an IRS investigation of Schulz. Schulz filed in the United States District Court for the Northern District of New York motions to quash those summonses. In an order dated October 16, 2003, Magistrate Judge David R. Homer dismissed Schulz's motions for lack of subject matter jurisdiction, finding that, because the IRS had not commenced a proceeding to enforce the summonses, a procedure described in 26 U.S.C. §7604, Schulz was under no threat of consequence for refusal to comply and, until such time as the IRS chose to pursue compulsion in a United States district court, no case or controversy existed.
Magistrate Judge Homer further found that if the IRS did attempt to compel

Schulz to produce testimony and documents named in the summonses, the enforcement procedure described in §7604 would provide Schulz with adequate opportunity to contest the requests.

Schulz filed an appeal and objection in the District Court. By order dated December 3, 2003, the District Court denied those objections and dismissed the appeal. Schulz now appeals from that final decision of the District Court. We assert jurisdiction pursuant to 28 U.S.C. §1291 and affirm.

\* \* \*

We realize that our holding today stands in direct contradiction to our previous decisions in *Application of Colton*, 291 F.2d 487, 491 (2d Cir. 1961), and *In re Turner*, 309 F.2d 69, 71 (2d Cir. 1962). While reversal of our prior precedent is never a matter we regard lightly, we take no small solace in Judge Friendly's discussion of *Colton* and *Turner* in *United States v. Kulukundis*, 329 F.2d 197 (2d Cir. 1964). There, Judge Friendly, who authored both *Colton* and *Turner*, points out that *Reisman* "seems to destroy the basis underlying decisions of this court which authorized applications to vacate [an IRS] summons (and appeals from their denial) in advance of any judicial proceeding by the Government for their enforcement." *Id.* at 199. In light of this, we view ourselves today as completing a task begun forty years ago and _hold that, absent an effort to seek enforcement through a federal court, IRS summonses apply no force to taxpayers, and no consequence whatever can befall a taxpayer who refuses, ignores, or otherwise does not comply with an IRS summons until that summons is backed by a federal court order._ In addition, we _hold that if the IRS seeks enforcement of a summons through the courts, those subject to the proposed order must be given a reasonable opportunity to contest the government's request_. (Emphasis added)

Likewise in the instant matter the IRS has not commenced a proceeding to enforce the liens, levies and/or other demands made against the plaintiff and third party fiduciaries seeking payment of plaintiff's funds/property, setting forth a lien upon plaintiff's property and/or making demands upon plaintiff to perform and/or respond to defendant Therefore absent a court order all IRS liens, levies or other demands made by the Internal Revenue Service upon the plaintiff and/or third party fiduciaries seeking payment of plaintiff's funds/property, setting forth a lien upon plaintiff's property and/or making demands upon plaintiff to perform and/or respond to defendant are simply requests and apply no force to plaintiff and/or third party fiduciaries and no consequence whatever can befall the

plaintiff and/or third party fiduciary who refuses, ignores, or otherwise does not comply until those administrative liens, levies or other demand are backed by a federal court order.

Wherefore, plaintiff seeks an order quashing all administrative liens, levies and other demands and an order consistent with the Second Circuit Court of Appeals and the holding in *Schulz* that absent a court order the aforementioned liens, levies etc., are simply requests and apply no force to plaintiff and/or third party fiduciaries and no consequence whatever can befall the plaintiff and/or third party fiduciary who refuses, ignores, or otherwise does not comply with an IRS administrative lien, levy or any other demand unless that administrative lien, levy or any other demand is backed by a federal court order.

Respectfully submitted this 26 day of October, 2007

*Eleanor M Glass*
Eleanor M Glass

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the forgoing on defendants attorney at her address of record

Dated: October 26, 2007

*Eleanor M Glass*
Eleanor M. Glass