UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ELEANOR M. GLASS,           ) | |
| )  | |
| Plaintiff,         ) | |
| )  | |
| v.                        ) | Civil Action No. 07-01077 (ESH) |
| )  | |
| UNITED STATES OF AMERICA,  ) | |
| )  | |
| Defendant.        ) | |
| )  | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Eleanor M. Glass filed a *pro se* complaint on June 15, 2007, seeking damages under 26 U.S.C. § 7433. (Compl. at 1.) Plaintiff subsequently withdrew her complaint[1] and filed a petition to quash. The government responded by moving to dismiss the petition to quash. For the reasons set forth herein, the motion will be granted.

**ANALYSIS**

Plaintiff has petitioned for an order quashing all administrative liens, levies, and other demands made by the Internal Revenue Service ("IRS") to satisfy her tax obligations. (Pet. to Quash at 2.) Plaintiff also requests an order declaring that administrative liens and levies issued by the IRS are mere "requests" unless accompanied by a court order. (*Id.*) This Court lacks jurisdiction to grant the relief plaintiff seeks under the Anti-Injunction Act (26 U.S.C. § 7421)

---

[1] Because the government has already filed a motion to dismiss plaintiff's complaint, this action may only be dismissed "upon order of the court and upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2).

and the Declaratory Judgment Act (28 U.S.C. § 2201).

The Anti-Injunction Act provides that no court shall exercise jurisdiction over a suit for the "purpose of restraining the assessment or collection of any tax." *See* 26 U.S.C. § 7241(a). *See also Bob Jones Univ. v. Simon*, 416 U.S. 725, 736 (1974). Thus, this Act precludes the Court from exercising jurisdiction over cases such as this one, which seek to enjoin the collection of taxes. *See Foodservice & Lodging Institute, Inc. v. Reagan*, 809 F.2d 842, 844-45 (D.C. Cir. 1987). Because the Anti-Injunction Act and the Declaratory Injunction Act "operate coterminously," *National Taxpayers Union, Inc. v. United States*, 68 F.3d 1428, 1435 (D.C. Cir. 2005), the bar on plaintiff's request for injunctive relief also extends to her request for declaratory relief.[2]

The single case plaintiff cites does not support her position. In *Schulz v. IRS*, 413 F.3d 297 (2d Cir. 2005) ("*Schulz II*"),[3] the Second Circuit considered a situation similar to that presented here. The IRS had served Schulz with a series of summons, ordering him to appear and provide testimony and documents in connection with its ongoing investigation of him. *Id.* at 299. Schulz filed a motion to quash the summons in the United States District Court for the Northern District of New York. *Id.* The Second Circuit upheld the dismissal of plaintiff's case for lack of subject matter jurisdiction, finding that because the issuance of an IRS summons

---

[2] The Supreme Court has held that the Anti-Injunction Act does not apply (1) if there are no circumstances under which the government could prevail, and (2) equity jurisdiction would otherwise exist. *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962). Plaintiff does not argue that her case falls within this narrow exception, nor do the facts of this case support such a finding.

[3] The Second Circuit issued two opinions in this case. The second "clarif[ies] rather than . . . amend[s] substantially [the first opinion], which remains in force to the extent that it is not inconsistent . . . ." *Id.* at 300.

pursuant to 26 U.S.C. § 7604 carries with it no threat of consequence for failure to comply, no Article III controversy exists until the IRS initiates a proceeding in federal court to compel compliance. *Id.* at 300 (citing *Schulz v. IRS*, 395 F.3d 463 (2d Cir. 2005) ("*Schulz I*")). The court therefore concluded that "federal courts do not have jurisdiction over motions to quash IRS summonses in the absence of some effort by the IRS to seek court enforcement of the summons." *Schulz I*, 395 F.3d at 465.   In this case, as in *Schulz*, there is no evidence that the IRS has commenced a proceeding to enforce its liens and levies.  Furthermore, there is no evidence that any of the third parties which have been served have refused to comply with the IRS's demands.  Therefore, under the logic of *Schulz*, there is no Article III controversy and thus, this Court has no jurisdiction.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss the petition to quash [Dkt. 7] is **GRANTED**.   It is hereby **ORDERED** that plaintiff's complaint is withdrawn and this case is dismissed with prejudice.

                      /s/
                 ELLEN SEGAL HUVELLE
                 United States District Judge

DATE:    November 8, 2007